### ADAMS et al. *vs.* M'MILLAN.

1. The inference usually expressed in a declaration on a promissory note, " by means whereof," &c. is supplied by a statement of a promise to pay the note according to its tenor and effect.

2. The omission to insert an allegation, that defendant is liable to pay the not ', is not a matter of substance, to be reached by general demurrer, or on error.

3. A promissory note is, *in itself*, a legal liability, and needs no distinct substantive allegation in the declaration, to entit'e a plaintiff to recover, apart from a description of the note, and an allegation of non-payment.

Error to the Circuit court of Dallas.

Assumpsit on promissory note, tried before *Pickens,* J.

The plaintiffs in error were sued in *assumpsit,* on a promissory note, in the Circuit court of Dallas, and judgment by default rendered against them. The only error relied on was, that " the declaration is defective, in not stating a legal liability."

*Gayle,* for plaintiffs in error.
*Edwards,* contra.

COLLIER, C. J.—The declaration, after setting out the promissory note, its delivery, &c. proceeds thus: " and said defendants then and there, in consideration of the premises, promised to pay the money specified in said note, to said plaintiff, according to the tenor and effect thereof, yet said defendants have not paid," &c.

Adams ct al. *vs.* M'Millan.

It is objected, that this statement of a promise is not sustained by the inference usually thus expressed : " by means whereof, &c. the said defendants then and there became liable to pay to the said plaintiff, the said note specified, according to the tenor and effect of said note." This allegation is inserted in most forms of declarations, where the action is against the parties primarily liable, as the *maker* of a note or acceptor of a bill; and though it may have been considered a formal allegation, the omission of which would be bad on special demurrer, it is clear, that it is not a matter of substance, to be reached by a general demurrer, or on error.

.The promissory note is *in itself* a legal liability, and needs not a distinct substantive allegation to entitle a plaintiff to recover, apart from a description of the note, and an allegation of non-payment, &c. in the declaration —(Bayl. on Bills, 112, 362, note 1; Starkie vs. Cheeseman, Carth. 510, S. C.; Salk, 128 ; Anon. Hardre's Rep. 486 ; Bacon's Ab. *tit. assumpsit*, F. ; 1 Taunt. R. 217; act of 1812, Aik. Dig. 328; act of 1811, Aik. Dig. 283.)

There is no error in the record, and the judgment is affirmed.