## Case No. 8,318.

### LEWIS v. BREWSTER.

[2 McLean, 21.] [1]

Circuit Court, D. Michigan. Oct. Term, 1839.

NOTES — GUARANTOR — NOTICE OF DISHONOR — PLEADING AT LAW—AVERMENT OF NOTICE— PAYEE INSOLVENT.

1. A guarantor is entitled to notice of the dishonor of certain notes, the payment of which he had guarantied. The undertaking is collateral, and in all such cases, a notice is indispensable.

2. And as a notice is necessary to give the right of action against the guarantor, the declaration must aver that it was given.

[Cited in Dwight v. Williams, Case No. 4,218.]

3. An averment that notice was given to the guarantor, more than seven months after the last note became due, and nearly a year after the first one was payable, held to be bad on demurrer.

4. When there is an excuse for the want of notice, it should be stated in the declaration.

5. If the payee be insolvent at the time the note became payable, a notice to the guarantor need not be given.

[Cited in Donley v. Camp. 22 Ala. 659; Harris v. Pierce, 6 Ind. 164; Van Doren v. Tjader, 1 Nev. 380; Wright v. Dyer, 48 Mo. 526.]

At law.

Mr. Frazer, for plaintiff.

Bates, Talbott & Romeyn, for defendant.

OPINION OF THE COURT. To the four special counts in the declaration, the defendant demurs, and takes issue on the common counts. The questions in the case arise on the demurrer, and there are some objections as to the manner in which the instrument is set out; but as the main point appears in the declaration, it is proper to advert to the obligation on which the action is founded. It is as follows: "July 27, 1838. I do hereby guaranty the eventual payment to George

[1] [Reported by Hon. John McLean, Circuit Justice.]

W. Lewis, of Boston, Mass., of the following named notes or obligations, given by Mead, Kellogg & Co., to the order of said Lewis, and payable at the Commercial Bank in the city of New York; viz.: One note for $1,666 55, due two months from date; one note for $1,666 39, due three months from date; one note for $1,686 34, due four months from date; one note for $1,689 37, due five months after date; one note for $1,722 30, due six months from date, which said notes are given by said Mead, Kellogg & Co., to said Lewis, in payment for his account against them, which account is this day settled in full, as above. The above is done for a valuable consideration." Signed "William Brewster."

It is objected to the first count, that it does not set forth a consideration for the undertaking of the defendant. But this objection seems not to be well founded. In the first count, it is alleged that, in consideration, the plaintiff, at the special request of the defendant, would sell and deliver to Mead, Kellogg & Co., merchandize to the amount of eight thousand and forty dollars and ninety five cents; the defendant promised, whether in writing or not, does not appear, to guaranty the payment of certain notes to be given by the purchasers, for the same. And the plaintiff avers, that the merchandize was sold, the notes taken on the 27th July, 1838, and that on the same day the defendant, in writing, guarantied the eventual payment of the same. Now it sufficiently appears in the declaration, that the merchandize was sold on the promise to guaranty the payment of the notes to be given, and that the guaranty was executed, in pursuance of this promise. Here was a confidence and trust reposed in the defendant, which induced the plaintiff to sell the goods, and this constitutes a consideration for the guaranty. But it is alleged that the promise to guaranty the notes, not being in writing, was void, and that the declaration does not show that the defendant had notice of the acceptance of his guaranty. And the cases [Douglass v. Reynolds] 7 Pet. [32 U. S.] 113, and [Reynolds v. Douglass] 12 Pet. [37 U. S.] 497, are referred to. These cases, however, as it regards the notice of the acceptance of the guaranty, are not analogous to the present one. This is a guaranty of the payment of certain notes specified, and, of course, is a recognition of the obligation of the original promise. It admits every legal requisite necessary to give effect to the obligation. Under the written guaranty now before us, there could be no notice of acceptance, for the execution of the instrument shows an acceptance. That there must be a consideration to make a guaranty obligatory, is admitted. But this consideration is generally found in the credit given to the guarantor, which induced the vendor to part with his property. If it be admitted that the guarantor was not discharged from his promise, it is contended the count is de-

fective in not averring that the guaranty was in consideration of this liability. 4 Johns. 280. That the guaranty was given in consideration of the sale of the goods on the promise of the guarantor to be responsible, though not in terms averred, sufficiently appears from the facts stated in the first count. A special averment of this fact would have been more technical, and more, perhaps, in conformity to the correct rules of pleading; but it would not have given greater point or certainty to the count. That the holder of the notes was bound to use diligence, is a doctrine well established; but it is not necessary to consider this point in reference to the commencement of suits on the notes, and the proper averments in relation to the same, which it is contended are not to be found, either in the first or the second, third and fourth counts. We will come at once to the great question in the case, which is—whether the holder of the notes was bound to give notice to the guarantor of their dishonor; and if this shall be resolved in the affirmative, whether the declaration should contain an averment that notice was given. This description of obligation is common in commercial transactions; and the principles which govern it, have often come under judicial cognizance.

On the part of the plaintiff, it is contended that no notice was necessary, and that it is matter of defence for the defendant to show the damages he has sustained for want of notice. And, to sustain this position, 2 Hall, 199; 9 East, 348; 1 Holt, N. P. 153; 3 Moore, 15; 6 Moore, 521; 3 Brod. & B. 211; 1 Bing. 216; 2 Camp. 436; [Lee v. Dick] 10 Pet. [35 U. S.] 482, are cited. These are cases in which a notice to the guarantor need not be given, as where the drawer of the note guarantied, is insolvent when it becomes payable; and in such a case it is matter of defence for the defendant to show that he has suffered damage for want of notice. It is a well established rule, that the same degree of strictness in regard to giving notice to a guarantor is not necessary to charge him, as to charge an indorser; and there are English authorities which favor the position taken by the plaintiff, that the inquiry is, whether the guarantor has been injured by want of notice. But the weight of authority in the English books is against the position assumed; and in this view the American authorities are still stronger. The undertaking of the guarantor is collateral, as much so as that of the indorser of a bill; and the reason for a notice to him, is as strong as to an indorser. And if commercial convenience has dispensed with the same strictness in the former, as in the latter, it still requires a reasonable notice. It is as necessary that the guarantor should endeavor to obtain an indemnity from his principal as an indorser; and it is on this ground that a notice is as indispensable in the one case as the other. In the case of Reyn-

olds v. Douglass, 12 Pet. [37 U. S.] 498, the court say: "In this part of the record, the question is fairly raised, whether the insolvency of Haring, prior to, or at the time of payment, will excuse the plaintiffs from making a demand on him, and giving notice to the guarantors." And after referring to 9 Serg. & R. 198; 1 Barn. & C. 10; 8 East, 242; 3 Kent, Comm. 123; 2 Taunt. 206; 5 Maule & S. 62; 3 Barn. & C. 439,—the court remark, "The rule is well settled, that the guarantor of a promissory note, whose name does not appear on the note, is bound without notice, where the maker of the note was insolvent at its maturity." And again, in their opinion, the court say, in reference to the charge of the circuit court to the jury, "in their fifth and last instruction, the court charge the jury, that, to enable the plaintiffs to recover on said letter of credit, they must prove that a demand of payment had been made of Chester Haring, the principal debtor, of the debt sued for; and in case of non-payment, notice should have been given in a reasonable time, to the defendants; and on failure of such proof, the defendants are in law discharged." "This instruction, the court remark, rests upon the necessity of a personal demand of Haring, by the plaintiffs. It has been already shown, that this demand was unnecessary, in case of Haring's insolvency." From this opinion, it is clear that the court considered a notice to the guarantor, of the dishonor of the note guarantied, indispensable, except in case of insolvency. But that where an insolvency at the maturity of the note, is established, neither a demand nor notice is necessary. The same doctrine is laid down in the cases of Oxford Bank v. Haynes, 8 Pick. 423; Gibbs v. Cannon, 9 Serg. & R. 202; Greene v. Dodge, 2 Ohio, 438; Grice v. Ricks, 3 Dev. 62; Douglass v. Reynolds, 7 Pet. [32 U. S.] 113. There are some apparently contradictory decisions to those in the New York and other reports; but on a strict examination, they will be found, in general, to affirm the same principle. Where the guarantor has been held liable, without notice, it has been where the maker of the note guarantied was insolvent, when it became payable, or on account of a liability growing out of the original transaction. The undertaking of the guarantor in the present case, was, not to pay absolutely or unconditionally, but to pay eventually; that is, if payment could not be obtained of the drawers. His undertaking was then conditional, and a notice of the happening of the condition which was to make his obligation absolute, was necessary; and this we consider is the well established doctrine, sanctioned by the supreme court. If the parties who ought primarily to have paid the bill or note, were solvent at the time the same became due, and for some time afterwards, and only subsequently became insolvent, before notice or inference of actual damage from the

want of notice to the party guaranteeing, or otherwise collaterally liable, will prevail, until rebutted by actual proof, that if notice had been given, payment would not have been obtained. Chit. Bills (Ed. 1839) 474; Philips v. Astling, 2 Taunt. 206; Holbrow v. Wilkins, 1 Barn. & C. 10; Bridges v. Berry, 3 Taunt. 130; Bishop v. Rowe, 3 Maule & S. 362; Cory v. Scott, 3 Barn. & Ald. 619. If this notice was essential to fix the responsibility of the guarantor, was it necessary to aver it in the declaration specially; or, is the general averment in the counts demurred to sufficient? Every thing necessary to give the plaintiff a right of action, must appear in the declaration; and a notice being indispensable to this right, must, of course, be averred. The omission of an averment of notice, when necessary, will be fatal on demurrer, or judgment by default. Cro. Jac. 432. This defect may be avoided by a verdict, except against the drawer of a bill. 1 Strange, 214; 1 Saund. 228a; 4 Bin. 108; 7 Serg. & R. 310. But a general averment in a declaration on a bill of exchange, "of all which the said promises the defendants had afterwards, &c., had notice," is sufficient. 3 Johns. 207.

The general averment in this case, is the same in all the counts, and is, "of all which the said defendant, on the second September. 1839, at Detroit, had notice." This notice, as averred, was more than seven months after the last note became payable, and was, in fact about the time this suit was commenced. Had the averment been, "of which premises, the defendant had due notice," it might have been held sufficient, as, under such an averment, the fact of the notice, and the circumstances under which it was given, would be matter of evidence. But the notice averred is special, as to the time it was given, which was nearer a year after the first note became due; and, as before remarked, more than seven months after the last one was payable; and no excuse is alleged why it was not given before. There are circumstances which will excuse the want of notice, and these should always be stated in the declaration. Chit. Bills, 212, 319; 1 Salk. 214; Vin. Abr. tit. "Notice," A. 2. If a notice be necessary it must appear in the declaration to have been given in due time, or the excuse for not giving it must be stated. The averment of a notice after the lapse of so long a period, unaccompanied by an excuse for the delay, does not show the diligence which the law requires. It is, in fact, nothing more than the general averment of notice, which refers to the commencement of the suit, and is used in some cases more as a matter of form than substance. In this respect we think the declaration is defective; and without examining the other points made in the argument, in support of the demurrer, we sustain it, on this ground. Leave given to amend declaration.