## DOUTHITT v. HUDSON & BROCKMAN.

1. The assignment of a note by the payee, in these words, "For value received I indorse the within note to H. & B. and warrant the payment of the same," does not impose an absolute and unconditional liability, but is a promise to pay to the assignee if the maker is unable to do so.

WRIT of Error to the Circuit Court of Benton.

This was a suit brought by the defendants in error against the plaintiff before a Justice of the Peace, and a judgment being rendered in their favor, the cause was removed by certiorari to the Circuit Court.

The statement filed by the plaintiffs in the Circuit Court alledged that H. P. Douthitt was indebted to them as the indorser of a note made by J. B. Palier, on the 9th of March, 1840, and payable on the 1st October thereafter, for forty-seven 50-100: *And further,* that the plaintiffs became the proprietors of the note on the 20th April, 1840, and recovered a judgment against the maker, on which an execution has been issued, and returned "no property found," according to the statute.

On the trial a bill of exceptions was sealed, at the instance of the defendant, which sets out his indorsement as follows:

"For value received I endorse the within note to Hudson &

Brockman, and warrant the payment of the same.    April 20th, 1840.                              H. P. DOUTHITT."

On the 16th of October, 1840, the plaintiffs caused an attachment to be issued against the estate of Palier, which, on the 19th of that month, was levied on a negro boy, as the property of the defendant in attachment.    On the 10th December, an order was issued by the Justice of the Peace before whom the proceedings were had, requiring the Constable to sell the slave levied on, who returned thereupon that he was not liable to be sold under the order.    To all which evidence the defendant objected, but his objection was overruled and it was permitted to go to the jury.

The defendant's counsel then moved the Court to charge the jury, that the plaintiffs were not entitled to recover upon the evidence adduced; which charge was refused.    Thereupon the Court instructed the jury, that to authorize the plaintiffs to recover of the defendant, the terms of his indorsement were such as not to make it necessary to sue the maker of the note, but the liability incurred by it was absolute and unconditional.

T. A. WALKER, for the plaintiff in error.
WM. COCHRAN, for the defendants.

COLLIER, C. J.—If the pleadings in cases removed by appeal or certiorari from the judgments of Justices of the Peace to the County or Circuit Court, were to be scanned by the general rules of pleading, we are inclined to think that the allegations of the statement were not appropriate to the evidence adduced.    But the view which we take of this case, relieves us from considering this point.

The question we propose to examine is, did the Court in its charge to the jury correctly lay down the law?    In Grannis & Co. v. Miller & Wilkins, [1 Ala. Rep. 471,] the defendants were sued on an indorsement in the following words:   "For value received, we assign and guarantee the payment of this note to C. B. Grannis & Co. waiving demand and notice. March 10th, 1838."

The Court held that the assignment could not be regarded merely as the transfer of the legal title to the note, and the liability of the assignors depend upon the performance of the sta-

tutary condition; but that the guaranty of payment created a promise to pay the amount of the note to the assignees, if the maker was unable to do so.

In the case at bar, the term "warrant" is of equivalent import with *guaranty*, and the contract in question is a transfer of the legal title to the note, and a guaranty that the maker is able to pay.

The plaintiff in error, then, was not bound to pay the note at all events; and in so stating the law to the jury, the Circuit Judge erred, and the judgment is consequently reversed and the cause remanded.