## NESBIT v. BRADFORD.

1. A guaranty in these words, " I bind myself to pay this note if T. M. L. (the maker) does not," made upon the back of the bill by one who is not a party to it, is not within the statute defining the liability of indorsers ; and the diligence required of the holder is to sue the maker to the first court subsequent to the guaranty: but this is unnecessary when the maker is unable to pay by reason of insolvency, and in such event an action on the guaranty will lie without any suit against the maker.
2. The *prima facie* intendment of such a guaranty, considered in connexion with the single bill is, that the contract was made with the payee.

3. Such a guaranty is a promise in writing, and as such, imparts a consideration, until it is shown to have none.

4. In a declaration on such a guaranty it is only necessary to set out the single bill with respect to which it was made, the guaranty, according to its terms or according to its legal effect, the facts from which diligence is to be inferred, or the insolvency which renders diligence unnecessary, and a sufficient breach of the contract.

5. The omission to fill up a blank in the declaration, with a day of the month and year, when the precise date is immaterial, cannot be taken advantage of by general demurrer.

WRIT of error to the Circuit Court of De Kalb county.

Assumpsit by Nesbit. The declaration contains four special counts, which were demurred to, besides a common count on an account stated, upon which issue was taken.

The first count alleges, that one Likens, on the 21st February, 1837, executed to the plaintiff a certain writing obligatory, whereby he promised on or before the 1st day of January, 1839, to pay the plaintiff 320 dollars. That, therefore, on the 10th January, 1839, the defendant, at his own special instance and request, made and signed an endorsement on the back of said writing obligatory, in these terms: "I bind myself to pay this note, if T. M. Likens does not"; meaning and intending, by said indorsement, to guarantee the payment of the sum of money, specified in the writing obligatory, to the plaintiff, in the event that the said Likens should fail to pay the same. Then follows an averment of a demand of Likens, his refusal to pay, and that he is unable by reason of total insolvency to pay; together with an allegation of notice of these facts to the defendant.

The second and third counts are upon a promise by the defendant to pay the debt due from Likens in consideration that the plaintiff would give him day until the —— day of ——, 1839; and the averment in both counts is, that the plaintiff did forbear and give day to said Likens until the —— day of ——, 1839. They contain an averment of demand of payment of Likens after the expiration of this time, his refusal and inability to pay by reason of total insolvency, and of notice to the defendant of these facts.

The fifth count merely sets out the execution of the writing obligatory by Likens to the plaintiff, its subsequent indorsement by the defendant in the terms of the writing itself; the non-pay-

ment by Likens of the sum of money specified in the writing obligatory; and his inability to pay the same at any time subsequent to the date of the indorsement by the defendant, by reason of insolvency. "By means whereof the said defendant became liable to pay to the said plaintiff the sum of money therein specified when he should be thereunto afterwards requested."

The defendant demurred to these four counts severally, and the court sustained the demurrers.

In order to prove the issue formed on the fourth count, which was that for an account stated, the plaintiff, after having proved the respective signatures of Likens and Bradford, offered the writing obligatory and indorsement thereon being the same described in the first and last special counts, but they were rejected by the court; whereupon the plaintiff excepted.

The plaintiff now assigns the judgments on the demurrers and the exclusion of the evidence offered by him, as error.

T A. WALKER, with whom was Mr. RICE, for the plaintiff in error, cited Click v. McAfee, 7 Porter 62; *Adams v. McMillan,* 8 Porter, 445; Gause v. Hughes, 9 Porter, 552, 564; Estel v. Shelly, 2 Porter, 185.

S. PARSONS *contra,* argued that the difficulty, upon the first count, is, to distinguish this from the case of Click v. McAfee, [7 Porter, 62.] But there is a distinction, because here the person is not named to whom the guaranty is made. It should have been averred to whom the guaranty was made. [Walton. v. Dodson, 3 Car. & P. 162; 13 Mass. 161; 6 Wend. 644.]

The second and third counts are bad, because no time was shown to which day was given; to leave the declaration blank is insufficient. [1 Chitty Plead. 256.]

GOLDTHWAITE, J.—1. The sufficiency of the several special counts of this declaration will be best examined after ascertaining the legal effect of the indorsement made by the defendant in the writing obligatory of Likens, but which is set out in *haec verba* in one or more of the special counts. In Granniss & Co. v. Miller, [1 Ala. Rep. N. S. 471,] we held that the words, "I assign and guaranty the payment of this note, waiving demand and notice," was not an absolute and uncondi-

tional promise to pay the amount of the note presently; also, that it was not necessary, for the purpose of establishing the guarantor's liability, to show a suit prosecuted against the maker in the mode directed by the statute defining the liability of indorsers of notes not payable in bank. We then considered that the legal effect of such a contract was a promise to pay whenever the maker was ascertained to be unable to do so. The guaranty in the present case, in terms, is not materially different from the one in the case just cited. There, however, the plaintiffs derived their title to the note through the indorsement; but in this case, the defendant never was the holder of the note. In Jordan v. Garnett, [3 Ala. Rep. 610,] we held that an indorsement made by a person upon a note to which he was not a party, either as payee or assignee, was not within the statute previously adverted to, but that its legal effect was to impose on the indorser a liability in the event that the amount due could not be collected from the maker by the use of proper diligence; and that suit against the maker to the first court must be brought unless excused by the insolvency of the maker. In Milton v. De Yampert, [3 Ala. Rep. 648,] the indorsement was also made by a person not a party to the note, but 'it was indorsed previous to its maturity, and was payable in bank. We then held the indorsor to be charged after demand and notice in the ordinary mode. We also came to the conclusion that, "Whenever the security, upon which the imperfect indorsemet is written, may be the subject, either of assignment or indorsement, the imperfect indorsement must be governed by similar rules to those which are applicable to perfect indorsements; and a similar degree of dilligence is necessary to charge one who becomes bound by an imperfect indorsement as is necessary to charge an actual indorser." These cases will enable us, without difficulty, to determine that Bradford's undertaking is not within the statute defining the liability of indorsers; and the dilligence imposed on the holder of the note was, to sue the maker at the first court, if solvent. But they also establish, that such a suit is unnecessary whenever the maker is unable to pay by reason of insolvency.

2. It is said, however, that this indorsement does not specify the person who is contracted with, and that, as the contract itself is not negotiable, a direct averment is necessary to show it to have been made with the plaintiff. However the law may be

with respect to the negotiability of such an engagement as this, we think the *prima facie* intendment, when the indorsement is considered in connexion with the bill single, is, that the promise was made to the payee.

3. Another objection has been urged, that this is not of that class of writings which import a consideration; and, therefore, it is insisted, a consideration must be shown in the declaration, inasmuch as the promise is to pay the debt of another. The decision in Click v. McAfee, [7 Porter 62,] is a full answer to this objection in all its aspects.

We are warranted, then, in stating the legal effect and *prima facie* intendment of this indorsement by Bradford to be a promise to the plaintiff to pay him the amount of the writing obligatory previously executed by Likens, in the event that he should prove unable to pay after using due dilligence to collect it from him in the first instance, or in the other event of his inability to pay by reason of insolvency.

4. All, then, which is necessary to be stated in a count upon this guaranty, is, that the writing obligatory was made by Likens setting that out according to its terms; that the guaranty was made according to its terms, or according to its legal effect; the failure by Likens to pay; and the facts from which due dilligence is to be inferred, or his insolvency, which renders any dilligence unnecessary. These, with a sufficient breach, it is believed, would constitute a sufficient declaration, as proof of the same facts would authorize a recovery. [Adams v. McMillan, 8 Port. 445.] The first and last counts contain all these allegations and averments; and, therefore, we consider them as substantially good, though both are somewhat inartificially worded.

5. The other two special counts are, in form and substance, counts upon a promise to pay the note in consideration of forbearance; and no other objection is taken against them than the omission to insert the precise day to which forbearance was agreed to be given. If a day certain was inserted wherever the blank space occurs, it would be competent for the plaintiff to prove a day different from the allegation. Such a defect is matter of form, and not of substance, and cannot now be reached by demurrer. [Estill v. Shelly, 2 Porter, 185.]

It is unnecessary to swell this opinion by considering the question raised by the bill of exceptions; as what has already been

said, is sufficient to show the error in sustaining the demurrers, and to govern the subsequent action in the suit.

Judgment reversed, and remanded.