## HINES v. MULLIKIN.

1. An assignment of a note to W. N. H., "with said W. N. H. to try the insolvency of P. H. May," (the maker of the note,) imposes on the assignee the burthen of establishing the insolvency of May, by an action on the note against him.

Error to the County Court of Perry.

ASSUMPSIT by the plaintiff, against the defendant in error.

The action is founded on the indorsement of a note, made by one May to Forrest & Mullikin, for $110, dated 29th January, 1838, and due ten days after date. The indorsement is in these words: "I sign the within note over to William N. Hines, for value received of him, with said William N. Hines to try the insolvency of the said P. H. May. November 21, 1839. JOHN MULLIKIN."

The declaration contains five counts, some of which charge the insolvency of May, and notice to the defendant, but none of which charge the prosecution of a suit against him.

The defendant demurred to all the counts of the declaration, and the court sustained his demurrer, and rendered judgment for the defendant.

This is now assigned as error.

Davis, for plaintiff in error, cited Jordan v. Garnett, 3 Ala. 610; Hall v. Chilton, Id. 633; Milton v. De Yampert, Id. 648; Douthit v. Hudson, 4 Id. 610; Davis v. Campbell, 3 Stew. 319; Story on Bills, 460, 480.

A. Graham, of Perry, contra, cited Trotter v. Crockett, 2 Porter, 401; Pollard v. Murrel, 6 Ala. 661; Cumpton v. McNair, 1 Wend. 457.

ORMOND, J.—It is extremely difficult to lay down general rules, applicable to irregular indorsements such as this, inasmuch as they are special contracts, and each must be governed by the intentions of the parties, so far as that can be ascertained from the language employed. That is frequently a matter of great difficulty, where, as in this case, if the parties had any definite idea of the contract they were making, they have been singularly unfortunate in the language employed by them in setting it out.

In Nesbit v. Bradford, 6 Ala. 749, we considered that where the security upon which an imperfect indorsement was written, may be the subject either of assignment or indorsement, the imperfect indorsement will be governed by the same rules as those which apply to perfect indorsements; and that the same diligence is necessary to charge an indorser, as would be necessary if the indorsement was perfect; but that a suit is unnecessary whenever the maker is unable to pay by reason of insolvency.

That rule, if applicable to this case, ascertains the sufficiency of this declaration, as some of the counts charge the insolvency of the maker of the note, as an excuse for not bringing the suit against him, which our statute requires, to fix the liability of the assignor of a note not mercantile in its

character. But we think that the parties had in view the insolvency of the maker, when this indorsement was made, and intended to make some provision in relation to it—in the language of the indorsement, "Hines *was to try the insolvency* of May." It is not in our opinion a reasonable construction of this language, that the insolvency of May was to be tried by a suit upon the indorsement. Upon that hypothesis, the indorser was liable to an action upon it, as soon as it was made, and might as well have given his note at once. The reasonable construction appears to us to be, that Hines was to ascertain judicially, that May was insolvent, before the assignor was to be liable upon his assignment. In no other way could May's insolvency be ascertained by Hines, than in a suit carried on by him. Nothing else which Hines could do, would furnish a certain test of the existence of the fact, upon the ascertainment of which the liability of the assignor was to attach; for we think it perfectly clear, that it was not the understanding of the parties, that his liability commenced the moment the contract was made, and such being the construction of this indorsement by the county court, its judgment must be affirmed.