## DONLEY vs. CAMP.

1. An endorsement on a promissory note, made before its maturity, in the following words, viz: "I assign and guaranty the within note to J. C. for value received," is an absolute, unconditional guaranty of the payment of the note at maturity ; and no notice is necessary to perfect the guarantor's liability.
2. When suit is brought on such a guaranty, it is not necessary to aver or prove the insolvency of the maker of the note.
3. When suit is instituted on a written guaranty, its execution can only be put in issue by an appropriate plea; and the guaranty itself is an affirmance of the genuineness of the note and the previous endorsements.
4. When the evidence disclosed by the record would have justified the court in instructing the jury that they must find for the plaintiff, an erroneous charge could be productive of no injury to defendant, and therefore furnishes no ground of reversal in his favor.

Error to the Circuit Court of Talladega.

Tried before the Hon. Robert Dougherty.

Assumpsit by Camp against Donley as guarantor of a promissory note executed by one Yarborough, payable to R. E. Coxe on the first day of March, 1848. Said note was endorsed before maturity by one A. Coxe to Donley, and was afterwards, and before maturity, endorsed by said Donley to Camp; the latter endorsement being in the following words, viz: "I assign and guaranty the within note to Joseph Camp for value received, Dec. 17, 1847."

The declaration contained the common counts, and two special counts. The first special count sets out the note and endorsements thereon, and avers the insolvency of the maker at its maturity, and his failure to pay the same; by reason whereof, the defendant became liable, &c. The second count, after setting out the note and endorsements, avers that, after the maturity of the note, and before the commencement of this action, the maker became insolvent, and wholly failed to pay, &c. The defendant demurred to each count, and his demurrers were overruled; he then pleaded the general issue, " in short by consent, with leave to give in evidence any matter that could be specially pleaded."

The bill of exceptions shows, that, on the trial, the plaintiff

offered to read the note and endorsements thereon in evidence to the jury, to which the defendant objected; but his objection was overruled, and he excepted. The plaintiff then offered in evidence a deed of trust made by said Yarborough, which had been regularly recorded, and which conveyed a large amount of property in trust to secure a large amount of indebtedness recited in the deed; and also offered in evidence several judgments against said Yarborough, rendered during the years 1847, 1848 and 1849, and executions issued thereon, some of which were returned satisfied in full, others partially satisfied, and "no property" as to the remainder; but neither the payee of the note, nor said defendant, was a party to any of said judgments. The defendant objected to the introduction of the deed, the judgments, and the returns on the executions; but his objections were severally overruled, and he excepted.

The plaintiff also offered evidence to show that said Yarborough was reputed to be largely indebted, before, at and after the maturity of said note. This evidence was admitted by the court, against defendant's objection, and he excepted. There was also evidence tending to show that defendant had notice, within six months after the maturity of the note, that it had not been paid.

The court charged the jury as follows:

"1. That, if they believed from the evidence that defendant had been notified within a reasonable time, say six months, after the maturity of the note, that said Yarborough had not paid it, plaintiff was entitled to recover;

2. That, although they might believe from the evidence that defendant had received no notice of the non-payment of the note by Yarborough, yet, if they believed that, at the time the note fell due, Yorborough was insolvent, and remained so until the commencement of this suit, they should find for plaintiff."

The defendant excepted to each one of these charges; and he now assigns for error, the charges given, the overruling of his demurrer to the declaration, and the admission of the several portions of evidence to which he objected as above set forth.

WHITE & PARSONS, for plaintiff in error:

1. The demurrer should have been sustained to the first and second counts, because they do not allege that defendant had notice of the failure to pay. There is nothing in the "endorsement and guaranty" which relieved the plaintiff from giving notice, or bringing suit to the first court. The failure to aver one or the other, is fatal to each of these special counts. Nesbit v. Bradford, 6 Ala. 750; Lawson et al. v. Towns & Co., 2 Ala. 375.

2. The "note and endorsement" were permitted to go in evidence, without any proof of the execution of the same. This was error. The contract declared on was the "assignment and guaranty" by defendant; and this was all that could be offered in evidence, without proof, under the statute. It is similar to the plea of set-off, in which this court has held, at the present term, that the endorsed note must be proved.

3. The rule is well settled, that a judgment, except as to the fact of its existence, is evidence only as to parties and privies. It follows, of course, that the sheriff's return on an execution cannot be extended beyond this. The judgments and sheriff's returns offered in this case were between Yarborough and others, who were entire strangers; and, for aught that appears, they may have connived at or directed these returns of "no property." It is not unusual for judgments and executions to stand open, when in fact they are paid, and this even after a return of "no property;" and an examination of the plaintiff in the judgment, on oath, would show it. This evidence was altogether inadmissible, for these and many other reasons which readily suggest themselves. Crow v. Hudson, 21 Ala. 560, and cases cited.

4. The deed of trust admitted in evidence, was objectionable on similar principles. It would not be difficult to make out a case of insolvency on such evidence. 7 Ala. Rep. 786. This evidence was clearly *prima facie* irrelevant.

5. The fact of insolvency cannot be proved by reputation; and such has been the decision of this court in a number of cases. Lawson v. Orear, 7 Ala. 786; Ward v. Henderson, 5 Por. 383; Br. Bank v. Parker, 5 Ala. 731.

6. The first charge informs the jury that six months was a reasonable time within which to give defendant notice of

Yarborough's failure to pay; and this without reference to his ability. The record shows, that Yarborough's property paid "several large debts" before and after the maturity of the note. It is insisted, that justice to the defendant required notice to him at an earlier day, so that, if he was to be held responsible, he might take steps to secure himself or collect the debt. Lawson et al. v. Townes & Co. 2 Ala. 375.

7. The last charge instructs the jury, that they must find for plaintiff, if Y. was insolvent, without reference to the fact, that the debt may have been paid. This charge comes within the rule of Roland et al. v. Ladiga's Heirs, 21 Ala. 33: "If the right of a plaintiff to recover depends on three or more distinct facts, a charge which assumes he may recover if two only be established, is erroneous."

In the case at bar, if Y. had paid the note, there could be no recovery; yet the court direct the jury to find for plaintiff, without reference to this fact.

RICE & MORGAN, contra:

The guaranty was made before the note fell due; and the law, in such case, does not require plaintiff to show either due diligence, or an excuse for not using due diligence, in the collection of the note. The condition attached by law to such a guaranty is, that the maker will pay at maturity. Allen v. Rightmere, 20 Johns. 366; Grannis & Co. v. Miller, 2 Ala. 473; Hough v. Gray, 19 Wend. 202; Hunt v. Brown, 5 Hill (N. Y.) 145.

GOLDTHWAITE, J.—The cases all show that the contract which is described in the declaration, was not within the statute (Clay's Digest 383,) defining the liability of endorsers. Granniss & Co. v. Miller, 1 Ala 741; Jordan v. Garnett, 3 Ala. 610; Douthitt v. Hudson, 4 Ala. 110; Nesbit v. Bradford, 6 Ala. 746. If it was a case simply of imperfect or irregular endorsement, under our decisions there would be no difficulty, as then the principles of Miller v. De Yampert, 3 Ala. 648, would apply; and the diligence necessary to charge the party upon an endorsement of that character, would be ascertained from the analogies of the rules applicable to perfect endorsements. But the contract in this case is some-

thing more than an endorsement; and in order to ascertain with accuracy what rules are applicable to it, we must first determine what the legal effect of the contract is. Its terms are as follows: "I assign and guaranty the within note to Joseph Camp for value received"; and it was executed by the plaintiff in error before the maturity of the note on which it was written. This note was a specific existing demand; and it was, we think, the obvious intention of the party to transfer it, and to guaranty the performance of the contract which he thus transferred. The performance of the contract was the payment of the note, according to its terms; and if this payment was not made on the day on which the note became due, the maker did not do what the guarantor had stipulated he should do; and the guarantor then become liable upon his contract, unless something else was necessary to be done to perfect his liability.

We are aware that the construction we have given to the guaranty in the case under consideration, is irrecoverably with the decision of this court in the case of Douthit & Hudson, *supra*, in which case the guaranty was made upon a note before it was due, and was, in its legal effect, identical with the one declared on in the present case. It was there held that the contract was, in law, a promise to pay if the maker was unable to do so; and C. J. Collier, who delivered the opinion of the court, rests the decision upon the case of Granniss v. Miller, *supra*. But in that case the guaranty was made after the maturity of the note; and an examination of the opinion will show that some stress was laid upon that fact, in determining that the contract was not a mere promise to pay the debt presently, without condition or qualification. Indeed, we have found no case, except the one referred to, which goes to the length of holding that an absolute, unconditional guaranty of the payment of a debt or note before it became due, was a guaranty simply of the ability of the original debtor to pay.

Regarding the contract as a guaranty for the payment of the debt at maturity, does the failure of the debtor to pay according to his promise, perfect the liability of the guarantor? In England the rule is well settled, that the guarantor, even of commercial paper, is entitled to notice, only when the failure

to give such notice has resulted to his loss or injury: Phillips v. Astling, 2 Taunt. 206; Warrington v. Furbor, 8 East 242; but the rule there has never, that we are aware, been extended beyond collateral engagements, upon or in relation to commercial paper; and no English authority, it is believed, has ever held, that where the guaranty was of a specific, existing demand, other than mercantile paper, notice was required to the guarantor; on the contrary, this idea is repudiated in the case of King v. Murray, 5 B. & A. 165, which was a guaranty in the shape of a bond, and the court say: " It is insisted, however, that we are to engraft upon this bond those limitations which the law imposes upon holders of bills of exchange, namely, a due presentment and notice of dishonor." In the United States, the cases are somewhat contradictory; some of them holding that the guarantor of a promissory note is entitled to notice of non-payment by the maker, unless the maker was insolvent at the time the note became due, and that the declaration must aver it: Lewis v. Brewster, 2 McLean 21; Foote v. Brown, ib. 369; Green v. Dodge, 2 Hump. 498; and Judge Story, after an elaborate review of some of the leading American cases, holds the doctrine, that where the language of the contract is that of guaranty, as " I guaranty the payment," &c., that the contract is deemed strictly one of guaranty; and that, therefore, the party is not to be held liable, unless upon due demand and due notice of dishonor to him, within the reasonable time required in other common cases of guaranty. Story on Prom. Notes, § 472. The same doctrine was previously held, by the Supreme Court of Massachusetts, in the case of the Oxford Bank v. Haynes, 8 Pick. 423. This doctrine, however, is not sustained by the English books, except in the cases to which we have referred of mercantile paper, and has been directly repudiated by the courts of New York: Allen v. Rightmere, 20 John. 366; Brown v. Curtis, 2 Conn. 225; Union Bank v. Carter, 3 Cow. 208; Luqueer v. Prosser, 1 Hill 256; and the the current of American authorities is in support of the New York rule. Thrasher v. Ely, 2 S. & M. 139; Taylor v. Ross, 3 Yerger 330; Norton v. Eastman, 4 Greenl. 521; Read v. Cutts, 7 Greenl. 191; Force v. Harding, 3 Fair. 195; Foster v. Barney, 3 Verm. 60. Chancellor Kent

also, in his Commentaries, in speaking of commercial guaranties, says : "And in the case of an absolute guaranty of the act of another, as of his promise to pay a debt, or perform a special agreement, the doctrine of notice applicable to negotiable paper does not apply. The guarantor must inquire of his principal, or take notice of his default at his peril, unless notice be required by the contract of guaranty." 3 Kent Com., 7th ed.

The same principle is distinctly intimated by Mr. Justice Thompson, in Lee v. Dick, 10 Pet. 496, where he says: "There are many cases where the guaranty is of a specific, existing demand by a promissory note, or other evidence of debt, and such a guaranty is given upon the note itself, or with reference to it, and in recognition of it, when no notice would be necessary." There are many cases of guaranty, where we can perceive strong reasons for the necessity of giving notice to the guarantor in order that he may protect himself; but where the guaranty is absolute in its terms, and for the payment of a definite, specific demand, we are able to perceive no sound reason why notice should be required to be given to the guarantor to perfect his liability ; and, as we have shown, the English cases, and the current of the American authorities, are in opposition to it. The contract of an endorser is, to pay upon due diligence ; but the engagement of a guarantor, in a case like the present, is absolute: it is to pay the note himself, if the maker fails to pay it at maturity ; and it is as easy for him to ascertain the fact upon which his liability depends, as it is for the holder to give him notice. Our conclusion is, therefore, that the contract was an absolute guaranty on the part of the plaintiff in error, that the note should be paid at maturity, and that if it was not paid, the right of action became complete against him, without any additional act of the other party; and it follows from these views, that there was no necessity for the averments in the declaration as to the insolvency of the maker of the note. They were mere surplusage, not required to be alleged, or if alleged to be proved. The demurrer, therefore, was correctly overruled.

The same principles apply to the evidence of the insolvency of the maker of the note. No such proof was required to

43

make out the plaintiff's case, and, if introduced, it was simply redundant or superfluous testimony, in no way affecting the right to recover.

In relation to the admisssions of the note and endorsements without proof, it is only necessary to say, that as the contract was declared on as a writing, its execution could only be put in issue by the appropriate plea, (Clay's Dig. 304 § 152,) which was not done in the present case. The guaranty which was endorsed upon the note, was an affirmance that the note itself was genuine; and the first endorsement stands upon the same ground. As to the evidence of insolvency, it was entirely unnecessary to support the plaintiff's case, which was made out without it; and its admission, if erroneous, could have been productive of no possible injury to the defendant.

Neither do the charges which were given present any error which is available in this court. The record shows that the note and guaranty, as described in the declaration, were offered in evidence; and this was all that was necessary to make out the plaintiff's case. The charges were, that in the event that the plaintiff had given the defendant reasonable notice of the failure of the maker of the note to pay, or that if such maker was insolvent at the time the note fell due, and remained so until the commencement of the action, he was entitled to recover. Conceding that the legal proposition was erroneous, yet there was nothing on which the error could operate. Upon the evidence as disclosed by the record, the court would have been justified in instructing the jury to find for the plaintiff; and this being the case, the charges given could have produced no injury to the defendant.

The judgment is affirmed.