[Leftkovitz v. First National Bank of Gadsden.]

# Leftkovitz *v.* First National Bank of Gadsden

*Assumpsit.*

(Decided July 2, 1907.　44 South. 617.)

1. *Guaranty; Construction; Absolute Guaranty.*—Where certain creditors guaranteed the payment on or before a fixed date of a debtor's past due indebtedness to the bank, and future advances of $4,000.00 to be made by the bank, the contract was one of absolute guaranty, the same in all respects as if the obligation was the individual debt of the guarantors.

2. *Same; Necessity for Demand.*—It being the guarantor's duty to see that their principal paid the debt evidenced by the guaranty at the time stipulated, the guaranty being absolute, no demand upon the principal debtor or anything of a preliminary nature on the part of the guaranteed creditor was necessary to perfect his rights.

3. *Same; Pleading; Statement of Consideration.*—Where a contract of guaranty for the payment of the debt purports on its face to have been made for a valuable consideration, and the complaint sets out the contract in full, that is a sufficient allegation of consideration.

4. *Same; Pleading; Complaint.*—A complaint sufficiently avers the existence of a valid contract of guaranty and a breach thereof, where it sets out the contract in full, alleges the existence of certain indebtedness, due by the debtor on the date mentioned in the contract, a request upon defendant to pay according to promise, and his failure to do so.

5. *Evidence; Parol to Vary Writing.*—In an action on a guaranty executed by defendant and others, which was in writing, it was not competent for defendant to show that he signed the contract under an agreement that if one of the guarantors failed to ratify the signature of his agent, the contract would not be binding on defendant, as the effect of it would be to vary the terms of a written contract by parol.

6. *Escrow; Delivery; Who May be Depositaries.*—There can be no such thing as a delivery in escrow of a contract where it is delivered to the obligee himself.

7. *Same; Pleading.*—The averment by plea that defendant signed the contract under the agreement that he was not to be bound thereby unless another party to the contract ratified his agent's signature thereto, construing the pleading most strongly against the pleader, it will be presumed that such an agreement was made verbally before the execution of the contract, and not carried forward into the final written agreement, and rendered the plea subject to demurrer as an attempt to vary a writing by parol.

8. *Same.*—A plea averring that at the time the contract was signed it was agreed that defendant should not be bound unless the signatures of one of the parties, by their agents, was raitfied by the parties themselves, violates the rule that all agreements at or before a contract made is merged into the written instrument.

9. *Evidence; Parol to Vary Writing.*—Where the consideration expressed in the contract is of a contractual nature and is made the essence of the contrat parol evidence is no more competent to vary the terms of the consideration as thus promised and undertaken than it is to vary any other term of the contract.

10. *Same.*—It is competent for defendant to show that a part of the consideration of the contract was that plaintiff agreed to extend a further credit to the debtor, which it failed to do, as that did not vary the terms of the written contract, but merely set up a failure of consideration as expressed in the contract.

11. *Damages; Remoteness.*—A defendant who gaurantees payment of the debt of another cannot set up as damages plaintiff's breach of the agreement to extend the debtor further credit, the result of which the debtor was closed out of business and defendant prevented from collecting a debt against him, as such damage is speculative and remote, and contingent.

12. *Guaranty; Consideration; Sufficiency.*—An agreement to forbear the institution of proceedings by suit or otherwise for the collection of a debt is a sufficient consideration to support another's promise to pay such debt; so will the creditor's promise to make additional advances to the principal debtor support the guarantor's promise to pay.

13. *Same.*—The guaranty of payment of another's debt supported by the consideration of creditor's promise to forbear suit or other attempts to collect the debt, is not invalid because of a failure to specify a time for forbearance, since a reasonable time is presumed.

14. *Same.*—The guaranty of the payment for debt of another at a stated time in consideration of the creditor's forbearance, means that the creditor will forbear until the stated day of payment.

15. *Same; Limitation of Liablity.*—Guarantors may bind themselves in different amounts for the same debt, and as long as the guaranteed debts remain unpaid the guarantor is liable to the extent of his promise, at least for the unpaid balance.

16. *Evidence; Documentary Evidence.*—Where there was no subscribing witnesses to a contract of guaranty, it was sufficiently proven to be admitted in evidence where it appeared by three witnesses that they were present when the contract was made and saw it signed by the defendant.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action for breach of guaranty by the First National Bank of Gadsden against Samuel Leftkovitz. From a judgment for plaintiff defendant appeals. Reversed and remanded.

This was an acton to enforce an agreement which is in words and figures as follows: "State of Alabama, County of Etowah. Know all men by these presents, that whereas, the firm of Wohl Bros., a partnership composed of Morris Wohl and David Wohl, are justly indebted to the undersigned in the amounts set opposite the following names, respectively, viz. (Here follows a lot of names and amounts, among them 'Sam Lefkovitz, $500.00.') And whereas, the said Wohl Bros. are justly indebted also to the First National Bank of Gadsden, a corporation, as is evidenced by certain promissory notes executed by Wohl Bros. to said bank, and by certain overdrafts held by said bank against said Wohl Bros., and by certain drafts or bills of exchange drawn by Wohl Bros., on certain parties therein named, which drafts or bills of exchange were deposited to their credit by Wohl Bros., but which were returned to said bank unpaid, all of which notes, drafts overdrafts and bills of exchange amount in the aggregate to the sum of $4,-397. And whereas, the said First National Bank has, at our requst, granted to the said Wohl Bros. an extension of time of the payment of the above-mentioned obligation due said bank, and has foreborne to sue on the same or to attempt to collect the same by legal process: Now, therefore, in consideration of the premises and of the sum of $1.00 to us in hand paid by the said Frst National Bank, and in consideration of a further extension of time and forbearance to said Wohl Bros. by said bank and a further extension of credit by the said bank to Wohl Bros. in the sum not to exceed $4,000, which is made at our request in order that the said Wohl Bros. may continue the business in which they are now engaged, we, the undersigned, do hereby guarantee to the said Frst National Bank of Gadsden, its successors or assigns the payment to it in full on or before the 1st

day of January, 1906, of the said sum of $4,397.00, with interest, together with all other sums which the said bank may advance to Wohl Bros., but in no instance to exceed the sum of $8,000, the same in all respects as if said debts or obligations were our own; and to secure the payment of all such sums we hereby waive our right to all exemptions allowed us under any laws. But it is agreed and understood that the undersigned parties shall be individually responsible to said bank for the payment of the sum or sums as aforesaid only in an amount not to exceed the amounts herein above set opposite our respective names. It is further understood and agreed that said bank may from tme to time require all accounts held by it against Wohl Bros. for overdrafts outstanding checks, etc., to be closed by note, but will not in any instance affect our liability under this guarantee. (Here follows a lot of signatures and the following::) It is agreed that I am only responsible for $500.00. Sam Lefkovitz." Counts 1 and 2 were for money due by account and for money loaned. Count 3 set out the contract in haec verba, and alleged a breach as described in the opinion.

The demurrers to count 3 were as follows: "(1) That said count is in form in debt, when same should be in assumpsit. (2) It does not appear therefrom that said defendant has breached said contract. (3) That it does not appear therefrom that the said Wohl Bros. have not paid plaintiff the said debt of $4,397, together with any and all other sums which plaintiff may have advanced them under said contract. (4) For that it does not appear therefrom that the said amount alleged to be due plaintiff by Wohl Bros. on January 1, 1906, was any debt or liability guaranteed by defendant by said contract. (5) For that it does not appear therefrom that the conditions on which defendant agreed to become

liable under said contract had been performed or have occurred, nor that there has been default or miscarriage by said Wohl Bros. under said contract."

The seventh count was practically the same as the third. The pleas are sufficiently stated in the opinion, except the seventh and ninth pleas, which are as follows: "(7) That as part of the consideration for the contract sued on plaintiff agreed to extend to Wohl Bros. a further credit of $4,000. That plaintiff breached said agreement, in that it failed or refused to extend said further credit of $4,000 to Wohl Bros. to defendant's damage in the sum of $1,500, which he hereby offers to set off against plaintiff's demand, and he claims judgment for the excess." Plea 9 alleges that defendant is also a creditor of Wohl Bros., sets up the conditions of the contract in reference to the extending of further credit by the bank to Wohl Bros., and its failure to do so, that Wohl Bros., were in failing circumstances, and that the contract was entered into for the purpose of enabling Wohl Bros. to stay in business, and if it had been performed by the bank he would have been enabled to collect his debt, wherefore defendant is damaged in the sum of $1,500, which he offers to set off.

There was judgment for plaintiff, and defendant appeals.

GEORGE HUDDLESTON, and PINKNEY SCOTT, for appellant.

R. B. KELLY, and BOYKIN & BRINDLEY, for appellee.

HARALSON, J.—This is an action upon a contract whereby the appellant, with certain other creditors of Wohl Bros., guaranteed the past-due indebtedness of the said Wohl Bros. to the First National Bank of Gadsden, the plaintiff and appellee in this case, and also

guaranteed such future advances as the plaintiff might thereafter make to the said Wohl Bros., not to exceed a total sum of $8,000. The agreement provided for a guaranty to plaintiff of the payment in full on or before the 1st day of January, 1906, of said indebtedness, the same in all respects as if said debts or obligations were those of the guarantors or obligors.

The third and seventh counts of the complaint to which there were demurrers, are the only counts forming a basis of an assignment of error. Each of these counts claims of the defendant the sum of $500, the amount he agreed to guarantee in and by the contract above mentioned, under and by virtue of said agreement which is set out in full in said counts. The third count then avers a compliance on the part of the complainant with all of the terms and conditions of said agreement, and each of said counts further avers that on the 1st day of January, 1906, the firm of Wohl Bros. was indebted to the plaintiff in the sum of, to-wit, $8,000, which at that time was due and unpaid. The complaint also avers a request upon the defendant to pay the said sum, and his failure and refusal to do so.

The demurrers directed to these counts are based largely upon the idea that the contract or agreement set forth in haec verba in said counts, constitutes a conditional contract of guaranty. If such were the case, the complaint would not be sufficient, at least, unless made so by some Code form.—*Nesbit v. Bradford*, 6 Ala. 746; *Adams v. McMillan*, 8 Port. 445.

We do not think, however, that this construction of the contract is correct, but on the contrary, it is clear that the contract is what is called an absolute guaranty, whereby the guarantor is bound immediately upon the failure of his principal to perform the contract, without any further steps being taken by any one, or without

the performance of any further condition. This construction is rendered imperative by the language of the agreement itself, that payment is guaranteed just the same as if the debt were the debt of the guarantor himself. Instruments by which the maker guarantees the payment of a specified sum of money at the end of a stated period, are usually held to be absolute contracts of guaranty. In such cases, no demand is necessary upon the principal debtor, and nothing of a preliminary nature on the part of the creditor is required by law to perfect his rights. It becomes the duty of the guarantor, in such cases, to see that his principal pays the debt at the time stimpulated.—*Donley v. Camp.* 22 Ala. 659, 58 Am. Dec. 274; 20 Cyc. pp. 1459, 1460, and authorities cited in notes.

It is also objected to the third count, by way of demurrer, that it does not show that there was any consideration for the contract sued upon. In this case, the contract purports on its face to have been made for a valuable consideration, as will hereafter appear, and the same being set out in full in said count constitutes a sufficient averment of consideration.—9 Cyc. 718, and authorities cited.

The complaint, then, setting out the contract in full, alleging the existence of a certain indebtedness which was due and unpaid on the 1st day of January, 1906, and averring a request upon the defendant to pay according to his promise, and his failure to do so, sufficiently avers the existence of a valid contract and a breach thereof by the defendant.—*Foy v. Dawkins,* 138 Ala. 232, 35 South. 41.

The defendant filed a number of special pleas from 3 to 9 inclusive to each of which the demurrers of the plaintiff were sustained. The third plea alleges in substance, that the contract sued on was signed upon the

agreement between plaintiff and defendant that in the event one of the alleged parties to said contract failed to ratify the signing of said contract by his agent, then the contract should not be bindng on the defendant, and that said party did fail to ratify said contract. This plea was bad, because it undertakes to vary the terms of the written agreement. There are authorities which hold that the delivery of an agreement in escrow with **the understanding** that it shall not be binding unless duly signed by some other party, does not constitute a valid and binding contract unless signed according to the agreement, but this does not apply to the case at bar. Here, the contract was not delivered in escrow subject to any condition, but was delivered to the obligee, and the condition sought to be set up in the third plea is in the nature of a conditon subsequent rather than a condition precedent. Besides, it is settled law in this state that there can be no delivery in escrow to the obligee himself.—*Guice v. Thornton,* 76 Ala. 466.

It is suggested by counsel for defendant that there is nothing in the plea to show that the agreement therein sought to be set forth was not in writing, and that the plea should have been allowed to stand until the proof showed that such agreement undertook to vary the terms of the written contract. This contention overlooks the fact, that all pleading must be construed most strongly against the pleader, and so construing it, it must be held that such agreement was verbally entered into prior to the execution of the contract, but was not carried forward into the final memorial executed by the parties. Besides, the plea avers that at the time the contract was signed, it was thereupon agreed, and this shows upon its face, that it is an attempt to violate the rule that all agreements occurring at the time of or prior to the execution of a contract, are merged in the writton instrument.

Pleas 5, 6, and 8, undertake to set up as a defense to the suit, the failure of certain considerations on the part of the plaintiff which are not mentioned in the contract sued on. This is an undertaking to vary the terms of the consideration expressed on the face of the instrumnet itself. While there are authorities which state the broad proposition that the consideration of an instrument can always be inquired into by parol evidence, and that where a valuable consideration is expressed, it may be shown to be different in amount from that expressed on the face of the instrument itself, though its kind cannot be varied, such cases we apprehend are those where the instrument constitutes a mere acknowledgment of receipt of a consideration and nothing more. Such expressions are proper as applied to the facts of such cases. However, we hold it to be the true rule upon the subject, that where a consideration expressed in a contract is something more than a mere acknowledgment of receipt, and is of a contractual nature, and such consideration is made of the essence of the contract, in such event parol evidence is no more competent to vary the terms of the consideration as thus promised or undertaken than it can be received to vary any other term of the contract.—*Bank of Mobile v. Mobile & Ohio R. R. Co.*, 69 Ala. 305; ;17 Cyc. 661, and authorities cited in note.

Plea 4 alleges in substance that a part of the consideration of the contract sued upon was that plaintiff agreed to extend a further credit of $4,000 to Wohl Bros., which plaintiff failed to do. This plea was not subject to the demurrer interposed to it. It did not seek to vary the terms of the written contract, but properly set up a failure of consideration as expressed in the contract sued on.

34 R

The seventh and ninth pleas were bad, and subject to the ground of demurrer, that the damages therein set up are too remote, speculative and contingent.

We think the contract sued on in this case is abundantly supported by a sufficient consideration. An agreement to forbear the institution of a suit, or any other means, for the collection of a debt is a sufficient consideration of itself to support a promise on the part of another to pay such debt.—*Martin v. Black*, 20 Ala. 309; s. c. 21 Ala. 729.

It is no objection to the validity of such promise that no particular time is specified for forbearance, since the law presumes that it will be for a reasonable time. —9 Cyc. 344.

Besides, the guaranty of the payment of a debt on a stated day in consideration of a forbearance by the creditor is construed as meaning a forbearance until the date of payment.—9 Cyc. 344, and authorities cited.

But besides this, plaintiff in this case promised to make additional advances to the principal debtor, which is also a sufficient consideration to support the promise of payment by the guarantor.

Assignments of error Nos. 10 to 15 inclusive relate to questions propounded to the witness Davidson as to the time when plaintiff agreed to extend the debt of Wohl Bros., and as to whether or not anything was said about any such extension, and are all matters that became merged in the written instrument, and which could not be varied by parol testimony. Authorities cited above.

Defendant objected to the introduction of the written contract on the ground, solely, that its execution had not been sufficiently proven. There appear to be no subscribing witnesses to the contract, and the witnesses Davidson, Boykin and Brindley all testify that they were present at the execution of the contract, and saw

it signed by the appellant. To this testimony, there is no contradiction.

The question propounded to the witness, Sullivan, had a tendency to vary the terms of the written contract in accordance with the averments of plea No. 3, which, as above shown, cannot be done.

The assignment of error based upon the proposition that the plaintiff could recover only such proportion as the sum of $500 bore to the total liability guaranteed is not well taken. The contract is absolute. It in express terms fixes a liability for a specified amount against the plaintiff in the event Wohl Bros. failed to pay their indebtedness to the bank.

Guarantors may bind themselves in different amounts for the same debt. As long as the debt guaranteed remains unpaid, each guarantor is liable to the extent of his promise, at least, for the unpaid balance.

This disposes of all the questions raised by the record, and for the error indicated, the judgment must be reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.