# Sims *v.* National Commercial Bank.

*Bill in Equity to enforce Vendor's Lien on Land for unpaid Purchase-money.*

1. *Vendor's lien on land for unpaid purchase-money; how created.*—No special agreement or specific intention is required to create a vendor's lien on land for unpaid purchase-money; but it arises by mere operation of law, and is an incident of every contract for the sale of land, unless it has been waived.

2. *Promissory note payable at bank; when failure to present for payment a matter of defense.*—Where a note, given for unpaid purchase-money due on a tract of land, is made payable at a bank, presentation of the note at the bank for payment is not necessary to fix the liability of the maker; and if he is there in readiness to pay the note at maturity, or had funds deposited there for that purpose, and he suffered loss by the failure of the holder to present the note, this, on a bill filed to enforce the vendor's lien, would be matter of defense, and need not be anticipated by negative averments in the bill.

3. *Bill to enforce vendor's lien; when husband of sub-purchaser a proper party defendant.*—Section 2892 of the Code of 1876, providing that a

[Sims v. National Commercial Bank.]

married woman "must sue and be sued alone, when the suit relates to her separate estate," applies only to actions at law, and is inapplicable to suits in equity; and hence, to a bill filed to enforce a vendor's lien, the husband of a sub-purchaser of the land on which the lien is claimed, under a conveyance creating in her a statutory separate estate, is, on account of the interest which he, as husband and trustee, has in the rents and income of the land, a proper party defendant.

4. *Same; when wife of vendor not a proper party defendant.*—To a bill filed by the transferee of a promissory note given for purchase-money of land, to enforce the vendor's lien, the wife of the vendor, who did not sign the deed, and whose inchoate right of dower is expressly recognized by the averments of the bill, and against whom no relief is sought, is not a proper party defendant.

APPEAL from Sumter Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill in this cause was filed on 16th October, 1882, by the National Commercial Bank, a corporation under the laws of the United States, against Walter A. Sims, Thomas W. Sims and Virginia P. Sims, his wife, and Harriet S. Bizzell and William B. Bizzell, her husband; and the case made thereby is substantially as follows: On 8th June, 1880, Thomas W. Sims sold on a credit, and conveyed to Walter A. Sims a tract of land in Sumter county, for $4500, payable in three equal installments, and evidenced by the latter's three promissory notes. On 13th July, 1880, Thomas W. Sims "sold and transferred" to the complainant the note last falling due, stating, at the time, that it was given for part of the purchase-money of said tract of land, and was a lien thereon. This note became due on 12th February, 1881, when the complainant received from Walter A. Sims, in renewal thereof, a note executed by him and endorsed by Thomas W. Sims, payable to the latter ninety days after date at the Mobile Savings Bank, in Mobile. This note was not paid at maturity, and Thomas W. Sims, by endorsement thereon, "waived protest and notice of protest." The deed executed by Thomas W. to Walter A. Sims showed, by its recitals, that the land was sold on a credit. Mrs. Virginia P. Sims did not join in the execution of this deed. On 28th April, 1881, Walter A. Sims conveyed by deed said land to the said Harriet S. Bizzell, his sister, said deed reciting the consideration to be $3000; but the bill avers that said deed was without consideration and was executed and received in fraud of complainant's rights, and with notice of its lien. It is expressly admitted in the bill that Mrs. Virginia P. Sims had an inchoate right of dower in said land. The bill seeks, by its prayer, to enforce a vendor's lien on said land for the payment of the note given in renewal of the note transferred to it by Thomas W. Sims, by a sale thereof, such sale to be made subject to Mrs. Sims right of dower, or, "with her consent in writing filed herein," of the whole title, she, in such case, to be paid for her

dower interest a reasonable compensation, to be determined by the register, out of the proceeds of sale. The defendants interposed separate demurrers to the bill, the grounds of which, so for as passed on by this court, are sufficiently indicated in the opinion.

The chancellor caused a decree to be entered overruling the several demurrers; and that decree is here assigned as error.

THOMAS B. WETMORE, for appellants. (No brief came to the hands of the reporter.)

A. G. SMITH, contra. (1) The transferee of the note is invested with all the rights of the transferor.—Acts 1878–9. p. 171. If the allegations of the bill be true, as the demurrers admit, there is equity in the bill.—56 Ala. 228; 57 Ala. 428; 58 Ala. 667; 61 Ala. 530; 65 Ala. 190. (2) The lien of the note transferred to the complainant was not lost or impaired by its subsequent renewal.—58 Ala. 662. (3) It was not necessary to protest the note, or to give notice of its non-payment to W. A. Sims, the maker, in order to bind him. If he had money in bank to meet the note, he can set it up by plea, it being a matter of defense, if he has been injured by not receiving notice of non-payment.—1 Stew. 234; 8 Port. 142; 2 Ala. 368; 5 Ala. 712; 6 Ala. 701; 66 Ala. 435. (4) It was not necessary for the assent of W. A. Sims to a vendor's lien on the land to be in writing. The lien is an incident of the contract.—58 Ala. 667. (5) Section 2892 of the Code of 1876 relates to actions at law, and not to suits in equity. W. D. Bizzell is a proper party. Dan. Ch. Prac., p. 178. (6) The rule in equity is, that all who have an interest in the subject-matter of the suit, must be before the court. Mrs. Sims did not sign the deed, and she has an interest in the land, the subject-matter of the suit. This point discussed.

SOMERVILLE, J.—The case is here on appeal from an interlocutory decree of the chancellor overruling a demurrer to the bill, which is filed for the enforcement of a vendor's lien for the unpaid purchase-money due on a tract of land.

It has been decided by this court too often for further discussion, that no special agreement, or even specific intention is required to create a vendor's lien. It arises by mere operation of law, as an incident of every contract for the sale of land, unless it has been waived, expressly or by implication. The demurrer of appellants erroneously assumed the contrary of this principle to be true.—*Carver v. Eads*, 65 Ala. 190, and authorities on brief of appellee's counsel.

It was not necessary to present the note for payment at the

Mobile Savings Bank, in order to fix the liability of the maker, although it was made payable there. If the maker was there in readiness to meet his obligation, or had funds deposited there for this purpose, and he suffered loss by reason of the failure of the holder to make presentation at such place of payment, this would be matter of defense, which should properly be set up in the answer, and need not have been anticipated by negative allegations on the part of the complainants in their bill. *Connerly v. Planters, etc., Insurance Co.*, 66 Ala. 432; *Montgomery v. Elliott*, 6 Ala. 701; *Conn v. Gano*, 13 Amer. Dec. 639; *Weed v. Van Houten*, 17 Amer. Dec. 468.

William D. Bizzell was a proper party defendant to the bill, being the husband of a material defendant who had become a sub-purchaser of the land on which the lien was claimed. Section 2892 of the Code, which provides that a married woman "must sue and *be sued* alone, when the suit relates to her separate estate," applies only to actions at law, and is inapplicable to suits in equity.—*Sawyers v. Baker*, 72 Ala. 49.; *Pitts v. Powledge*, 56 Ala. 147. The rule in equity is to join all parties interested, whose rights, whether legal or equitable, will be affected by the decree of the court.—2 Jones on Mortg. § 1396. The interest which the husband as trustee had in the rents and income of the land, which was presumably the wife's statutory separate estate, made him a proper party defendant in this suit. The demurrer based on this ground was very clearly without any merit.

The demurrer was properly taken, however, on the ground of misjoinder as to Mrs. Virginia Sims, who was the wife of the grantor in the original deed of conveyance. She was not a proper party defendant, having no interest whatever in the suit. She did not sign this deed, and it is not claimed that her dower was affected by it. On the contrary, the averments of the bill expressly recognize her right to a contingent inchoate right of dower, which the complainant does not contest. In such cases the rule is well settled, that the wife should not be joined as a party defendant, she being entirely unconcerned as to what may be the result of the suit, which seeks only to enforce a vendor's lien against the interest of the husband in the land. There is no effort to litigate, or condemn to sale the wife's inchoate right of dower.—2 Jones' Mortg. § 1421; *Brackett v. Baum*, 50 N. Y. 8; *Baker v. Scott*, 62 Ill. 86; *Moomey v. Maas*, 22 Iowa, 380.

The decree of the chancellor must be reversed, and the cause remanded.