# Brockway v. Gadsden Mineral Land Company.

*Action on a Promissory Note.*

1. *Action on note payable to corporation on call of directors; when it accrues.*—The general rule is, that a note payable on demand is due forthwith, and no demand is necessary to maintain a suit against the maker; but when a note, given for the subscription to the capital stock of a corporation, is made payable on demand, at a particular place, subject to a call by the board of directors, a cause of action does not accrue on said note until a call is made thereon by the directors.

2. *Action on a note payable at a certain place; when necessary to prove presentment at such place.*—Where a note is made payable to a corporation at a particular place on the call of the board of directors, it is not necessary, in order to fix the liability of the maker, to present it at the specified place of payment, or to aver such presentment in a suit on the note; but when, in an action on such note, the complaint alleges that the call was made by the board of directors and a demand was made for payment at the particular place specified therein, both the call and demand must be proved as alleged before the plaintiff is entitled to recover.

3. *Note payable to corporation on call of directors; when call void.*— Where stockholders of a corporation execute their note, payable to the company, "subject to a call by the board of directors," a call by the directors for payment of the notes of only such stockholders as had sold their stock is void; the call to be valid must be made on all the stockholders alike.

4. *Evidence of meeting of stockholders; when inadmissible.*—In an action on a note given by a stockholder and payable to the corporation "subject to a call by the board of directors," proceedings of the stockholders' meeting containing a resolution that the president should "call the money due on notes of persons who had sold their stock," are inadmissible in evidence; such a call being illegal and void.

5. *Evidence of meeting of directors of a corporation outside of the State; when admissible.*—Where a corporation is organized under the laws of

[Brockway v. Gadsden Mineral Land Co.]

this State, the proceedings of a meeting of its board of directors, held outside of the State, can not be introduced in evidence, in an action in a court of the State, unless it is first shown that the requirements of the statute, (Acts 1888-89, p. 76), regulating the holding of such meetings outside of the State, have been complied with.

APPEAL from the City Court of Gadsden.

Heard before the Hon. JOHN H. DISQUE.

This was an action brought by the appellee, The Gadsden Mineral Land Company, against the appellant, W. G. Brockway ; and counted on a promissory note, which had been executed by the defendant on June 6, 1887, and made payable to The Gadsden Mineral Land Company.

There were pleas filed and demurrers interposed, but there is no assignment of error based on the rulings of the court upon the pleadings, and as these rulings are not reviewed in the opinion, it is, therefore unnecessary to set them out in detail.

On the trial of the cause, as is shown by the bill of exceptions, the plaintiff introduced in evidence the note sued on, a copy of which is found in the opinion. The plaintiff introduced in evidence a copy of the minute entry of a meeting of the stockholders of The Gadsden Mineral Land Company, at which meeting there was a resolution passed instructing the president, "to call the money due on notes of members who had sold their stock." The defendant objected to the introduction of this minute entry of the proceedings of the stockholders, on the ground that it was illegal and irrelevant. The court overruled the objection, and the defendant excepted. The plaintiff also introduced in evidence a copy of the minute entry on the books of said company of a meeting of its board of directors held at Chattanooga, Tennessee, April 5, 1889. At this meeting "the president was instructed to call money due on notes from parties sold out." The defendant objected to the introduction of the copy of these proceedings in evidence, on the grounds, 1st, that it was illegal and irrelevant ; 2d, the directors could not hold a meeting outside of the State ; 3d, it was not shown that the prerequisites for a valid meeting outside of the State were observed ; and, 4th, because the meeting was illegal. The court overruled his objection, and defendant duly excepted. The plaintiffs also introduced in evidence a copy of the minute entry on the books

[Brockway v. Gadsden Mineral Land Co.]

of said company of a meeting of its directors, held November 9, 1887, at which meeting the president was instructed to call for the payment of $50 on each of the stockholders' notes. The defendant separately objected to the introduction of these proceedings of the directors at said meeting in evidence, and duly excepted to the court's overruling his objection. The other facts are sufficiently shown in the opinion.

The cause was tried by the court without the intervention of a jury, and after hearing the evidence the court rendered judgment for the plaintiff. The defendant now appeals, and assigns as error the rulings of the court upon the evidence, and the rendition of the judgment for the plaintiff.

DORTCH & MARTIN, for appellant.—The call made by the plaintiff corporation was void. It was necessary that the call should have been impartial and uniform, and made on all of the stockholders alike.—Cook on Stocks & Stockholders, § 114; 1 Morawetz on Corporations, § 164.

JAMES L. TANNER, *contra.*—The call made by the directors of the plaintiff corporation was not illegal. The stockholders had their meeting in Gadsden by a resolution instructing the board of directors to make the call, and although the call was made by the board at a meeting held outside of the city, the directors were acting merely as the agent of the corporation, and the making of the call was, therefore, a corporate act, and was, hence, legal.—Beach on Corporations, § 289. Directors are mere corporate agents, and they may lawfully hold meetings in foreign States, and their acts as directors had at such meetings are lawful and valid.—*Galveston R. R. Co. v. Cowdrey,* 11 Wall. (U. S.) 476; *Hydraulic Co. v. King,* 45 Ga. 34; *Glenn v. Semple,* 80 Ala. 162; *Bellows v. Todd,* 39 Iowa 209; *Ohio &c., R. R. Co. v. McPherson,* 86 Amer. Dec. 128.

It is no defense to this action for the defendant to say that the directors exceeded their authority, or they failed to make a general call for the money.—1 Morawetz on Corporations, §§ 150, 239, 297; 40 Wis. 418; *Glenn v. Semple,* 80 Ala. 162.

HARALSON, J.—The record in this case is very im-

perfectly made up. No errors are assigned on the rulings on the pleadings, and the course the trial took indicates that it was on the general issue and the want of consideration. It was by and before the presiding judge without a jury. It was admitted that the plaintiff company was incorporated, and no objection was made to the introduction of the note sued on.

The note reads as follows: "Gadsden, Ala., June 6, 1887. On demand, I promise to pay to the order of the Gadsden Mineral Land Company, subject to a call by the board of directors, five hundred and fifty dollars, at their office at Gadsden, Ala., value received," which note was signed by the defendant, and on which there was an endorsement of the payment of $50, as of January 18, 1888. The complaint, after describing the note properly, contains the averment that, "after a call made by the board of directors of plaintiff corporation, plaintiff then demanded at plaintiff's office in Gadsden, Alabama, payment of said note, which was refused, and which amount the defendant still refuses to pay."

The rule generally is, that a note payable on demand is due forthwith, and no demand is necessary before bringing suit on it against the maker.—*Owen v. Henderson*, 7 Ala. 641; *Mobile S. Bank v. McDonnell*, 83 Ala. 595; *Massie v. Byrd*, 87 Ala. 681; 5 Am. & Eng. Encyc. of Law, 528, z. And when money is to be paid, on the happening of a contingency or uncertain event, no cause of action accrues, until the contingency happens, or the event takes place; as when the terms of subscription to the capital stock of a corporation bind the stockholders, as in this case, to pay on demand, at a particular place, subject to a call by the board of directors, a cause of action does not accrue, until a call is made by the company.—*Glenn v. Semple*, 80 Ala. 162; *Massie v. Byrd*, supra; 2 Parsons on Notes and Bills, 639, 644.

Where a note is made payable at a particular place, it is unnecessary, in order to fix the liability of the maker, to present it at the place of payment, and in a suit on the note to aver such presentation.—*Sims v. National Com'l Bank*, 73 Ala. 248; *Connerly v. Planters Ins. Co.*, 66 Ala. 432; *Clark v. Moses*, 50 Ala. 326; *Montgomery v. Elliott*, 6 Ala. 701. The complaint in this case, however, alleges that the call was made by the board of directors of the plaintiff corporation, and demand for pay-

ment was then made at plaintiff's office in Gadsden. It was incumbent on the plaintiff, therefore, before he was entitled to recover, to prove both the call and the demand of payment as alleged.—2 Amer. & Eng. Encyc. of Law, 399; *Wright v. Paine*, 62 Ala. 340; *Conn v. Gano*, 1 Ohio 483.

It also seems to be settled on good principle, that a call can not be made upon a part only of the subscribers to the stock of a corporation, and that it must be made on all alike, or it will be void. But if some have contributed more than others, it would be the right and duty of the directors to make calls upon other shareholders in such amounts as to equalize the contributions of all.—Cook on Stocks & Stockholders, § 114; 1 Morawetz on Corp., § 154.

The facts of this case disclose that the shareholders, in order to pay certain liabilities against the corporation, were required to execute their notes payable to the company on demand, subject to the call of the board of directors; that the directors afterwards instructed the president of the company to call for payment of the notes of such stockholders as had sold their stock. So far as appears, there was no call ever made on all the stockholders who had given notes to pay them; nor that any demand had ever been made on defendant, before this suit was brought, to pay his note, nor, even, that he had ever sold his stock. The call was void to begin with, but if not, the demand to pay was never made on him. The proof fails to sustain the averment of the complaint. The 1st and 5th assignments of error question the correctness of the finding and judgment of the trial court, and are well taken.

The 2d is based on the alleged erroneous ruling of the court on the admission in evidence, against defendant's objection, of the proceedings of a meeting of the stockholders of the company held in Gadsden, which contain a resolution by which the president was "instructed to call the money due on notes of parties who had sold their stock." The objection to this evidence should have been sustained. A call which did not include all the subscribers was illegal, and, besides, as has been stated, there was no evidence that defendant had sold his stock.

The proceedings of the meeting of November 9th, 1887, were introduced against the objection of defend-

[Brockway v. Gadsden Mineral Land Co.]

ant, which is assigned as error. This evidence seems to be entirely irrelevant, though we are unable to discover that it did any damage. All that was done at the meeting, so far as appears, was to elect a board of directors, and to pass a resolution instructing the president "to call for a payment of $50 on each of the stockholder's notes held by the company for the purpose of paying taxes" and other liabilities, which sum, so far as defendant is concerned, seems to have been paid and credited on the note, as appears from the note and the complaint.

The other and last assignment of error relates to the introduction in evidence of the proceedings of a meeting of the board of directors held in Chattanooga, Tenn., on the 5th of April, 1889, at which meeting the "president was instructed to collect money due on notes from parties sold out."

The evidence was inadmissible for the reason, that the call, even if made at a meeting of the directors lawfully held, was on a part and not on all of the stockholders alike to pay their notes; and there was, again, no evidence that defendant had sold his stock, and the meeting was held outside of the State of Alabama. Such a meeting could be lawful, only. when the act of incorporation authorized it, or, afterwards, by a vote of the directors or stockholders it was so directed, when in their opinion it was deemed to their interest to do so; *provided*, that all the stockholders who were residents of the State of Alabama, consented thereto in writing, and *provided* further, that the corporation kept an office, agent and place of business within this State, and within thirty days after any meeting of stockholders or directors, it deposited with such agent a certified copy of the proceedings at any such meeting, which certified copy shall, as it is provided, be received in evidence in all courts in this State in lieu of the original, and shall, at all times, be subject to inspection by any person lawfully entitled to demand inspection thereof. (Acts 1888-89, p. 76.) The requirements of this act, to legalize that meeting, and to make its proceedings admissible in evidence in a court of this State, were not shown, and the evidence should have been excluded. On the evidence, the court erred in rendering judgment for plaintiff. It should

have been for the defendant. To prevent any possible injury we remand the cause.

Reversed and remanded.