# Bouldin, Trustee v. Barclay.

*Action on Promissory Notes; Special Plea of Non Est Factum.*

1. *Alterations, in note or bond; burden on maker to show, when.* Where to an action on note or bond the defendant interposes a special plea of *non est factum,* not denying his signature but setting up alteration after execution, the burden is on him to show such aleration unless the paper itself furnishes some evidence or indication of having been tampered with.

2. *Non est factum; effect of plea.*—The general plea of *non est factum* is a denial of the signature only when the note does not on its face appear to have been tampered with, and the plaintiff makes a *prima facie* case against the plea on proof of signature; if the defendant in such case relies on alteration the burden is on him to prove it.

[Bouldin, Trustee, v. Barclay.]

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. J. A. BILBRO.

This suit was brought by Virgil Bouldin, trustee, in the justice court to recover three notes executed by James P. Barclay.

The case was removed to the circuit court by certiorari. The defendant pleaded *non est factum*. The court charged the jury among other things that "the burden of proof is on the plaintiff to show that the notes sued on were executed by the defendant as they now appear, and that there has been no material alteration in them since they were executed. The following charges were refused to the plaintiff: (1). "The notes sued on not showing any suspicious alterations on their faces the burden of proof is on the defendant to show any material alterations therein." (2). "The court charges the jury that the burden of proof is on the defendant in this case to reasonably satisfy the jury that the notes have been altered as alleged." The giving of the above portion of the general charge, and the refusal to give the defendant's charges 1 and 2 are assigned as error. Reversed.

MARTIN & BOULDIN, for appellant, cited the following authorities, *Barclift v. Treece*, 77 Ala. 538; *Montgomery v. Crossthwaite*, 90 Ala. 553; *Hill v. Nelms*, 86 Ala. 442; *Martin v. King*, 72 Ala. 354; *Fontaine v. Gunter*, 31 Ala.

R. W. CLOPTON, *contra*, cited *Kirksey v. Kirksey*, 41 Ala. 636.

McCLELLAN, C. J.—Where to an action on a note or bond the defendant interposes a special plea of *non est factum*, not denying his signature but setting up alteration after execution, the burden is upon him to show such alteration unless the paper itself furnishes some evidence or indication of having been tampered with some badge of the alleged fraud, so to speak.—*Montgomery v. Crossthwait*, 90 Ala. 553; *Barclift v. Treece*, 77 Ala. 528. This upon the presumption in favor of good faith and against fraud, where the paper bears no evidence to the contrary, that the paper is as it was when it was signed. In such case the plaintiff may introduce the

[Brindley v. Brindley.]

paper without any evidence of its execution or negativing alteration, and if the defendant offers no evidence, judgment must go for plaintiff. The same presumption against alteration, when there is no appearance of it on the face of the paper, attends the note on a general plea of *non est factum.* The averment of that plea is that the note sued on was not executed by the defendant, or by any one authorized to bind him in the premises. Where the note does not appear to have been tampered with, this averment *prima facie* is a denial of the signature, and does not inform the plaintiff that reliance will be had upon an alteration. He, therefore, makes a *prima facie* case against the plea on proof of signature, and he may then put the note in evidence; and if the defendant offers no evidence, the presumption against alteration in connection with proof of signature entitles him to judgment, just as where there is a special plea of alteration only, the admission of signature and presumption against fraud makes out the plaintiff's case, and entitles him to recover unless the defendant proves alteration. Our opinion is, therefore, that in the case at bar when the plaintiff proved that the defendant signed the notes sued on, the papers themselves giving no indication of alteration since the signature, the burden was on the defendant to show that material alterations had been made in them since he signed them. It follows that the trial court erred in giving the portion of its general charge to which exception was reserved, and in refusing charges 1 and 2 requested by the plaintiff.

Reversed and remanded.