(112 So. 426)

**EHL et al. v. J. R. WATKINS MEDICAL CO.**
(6 Div. 881.)

Supreme Court of Alabama. April 14, 1927.

**1. Guaranty ⬀34, 77(2)—Contract that signers "guarantee the full * * * payment of said sum" held one of "absolute guaranty," under which guarantors' liability was fixed by principal's nonpayment of debt within time agreed, regardless of his solvency or prior pursuit of remedy against him.**

Contract that promisors "jointly and severally promise and guarantee the full and complete payment of said sum" was one of "absolute guaranty," under which guarantors' liability was fixed by principal's failure to pay debt within time provided in principal contract, without regard to principal's solvency, and creditor was not bound to pursue remedy against principal as prerequisite to recovery against guarantors.

[Ed. Note.—For other definitions, see Words and Phrases. First and Second Series, Absolute Guaranty.]

**2. Appeal and error ⬀1040(7)—Sustaining demurrer to plea setting up defense, of which plaintiff had benefit under another plea, was without injury.**

Where defendant guarantors had full benefit of defense of material alteration of contract since its execution under second plea, sustaining demurrer to "first" pleas setting up such defense was without injury, if erroneous.

**3. Pleading ⬀194(4)—Sustaining demurrers to pleas amounting to general issue, correctly pleaded in other pleas, held not error.**

Sustaining demurrers to pleas, which were in effect the general issue, correctly pleaded in other pleas, *held* not error.

**4. Contracts ⬀45—Under general plea of non est factum, burden is on plaintiff to prove execution of contract sued on before its admission in evidence (Code 1923, § 7663.)**

Under general plea of non est factum denying execution of contract sued on in any form by defendant or any one authorized to bind him, burden is on plaintiff to prove execution of contract before it can be received in evidence, under Code 1923, § 7663.

**5. Alteration of instruments ⬀27(2)—Under special plea of non est factum burden is on defendant to show alleged material alteration of contract sued on (Code 1923, § 7662.)**

Written contract sued-on may be impeached by special plea of non est factum, averring material alteration of contract, since its execution without defendant's knowledge, consent, or agency, and burden is on defendant, under Code 1923, § 7662, to show such alteration, unless contract carries on its face some evidence of being tampered with.

**6. Alteration of instruments ⬀25—Defendant may show material alterations avoiding contract sued on under either general or special plea of non est factum.**

Under either general or special plea of non est factum, defendant may show material alterations which will avoid contract sued on.

**7. Alteration of instruments ⬀27(2)—Burden of proving alleged alteration of guaranty contract sued on held on guarantor.**

Plea of material alteration of contract of guaranty, since its execution by inserting amount of principal's indebtedness, being special plea of non est factum, special charge that burden of proving alteration was on defendant was free from error, where contract itself bore no evidence of alteration.

**8. Depositions ⬀107(3)—Court will not be put in error for overruling objections filed to interrogatories after trial began.**

Trial court will not be put in error for overruling objections not filed to interrogatories until after trial began.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge. .

Action on a contract of guaranty by the J. R. Watkins Medical Company against C. C. Ehl and another. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Charge 1, given for plaintiff, is as follows:

"The burden of proving that the contract was changed by filling in the blank with $1,150.12 is on the defendant, and, before the jury can find that there was such alteration, they must be reasonably satisfied that such blank was in the contract when signed and was afterwards filled in."

S. T. Wright, of Fayette, for appellants.

The defendants' obligation was independent, collateral, and they were bound to pay only in case their principal was unable to pay or perform. J. W. Watkins Med. Co. v. Lovelady, 186 Ala. 414, 65 So. 52; W. T. Rawleigh Med. Co. v. Wilson, 7 Ala. App. 242, 60 So. 1001; W. T. Rawleigh Co. v. Tarpley, 5 Ala. App. 412, 59 So. 512; Walker v. Forbes, 25 Ala. 139, 60 Am. Dec. 498. Where a plea of non est factum is filed, the burden of proving the execution of the instrument is upon the plaintiff. A sworn plea, averring facts showing a material alteration, is a plea of non est factum. Code 1923, § 7663, 7666; Sulzby v. Palmer, 194 Ala. 524, 70 So. 1; Yancy v. Gordon, 172 Ala. 439, 55 So. 239, Ann. Cas. 1913E, 251; J. R. Watkins Med. Co. v. Fornea, 135 Miss. 690, 100 So. 185.

W. L. Harris, of Fayette, and J. J. Ray, of Jasper, for appellee.

The contract of guaranty sued on was absolute, not conditional, and there was no obligation on plaintiff to first take action against the principal. Donley v. Camp, 22 Ala. 659, 58 Am. Dec. 274; Leftkovitz v. Bank, 152 Ala. 521, 44 So. 613; W. T. Rawleigh Co. v. Deavours, 209 Ala. 127, 95 So. 459; 28 C. J. 972; Marx v. Eley, 41 So. 411[1]; Baskett L. Co. v. Gravlee, 15 Ala. App. 359, 73 So. 291. When the defendant interposes .

---

⬀For other cases see same to ic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Reported in full in the Southern Reporter; not reported in full in 148 Ala. 659.

a plea setting up an alteration of the instrument sued on, the burden is upon him to show such alteration, unless the instrument itself furnishes some evidence or indication of having been tampered with. 2 Mayfield's Dig. 100, § 18; Bouldin v. Barclay, 121 Ala. 427, 25 So. 827; Montgomery v. Crossthwait, 90 Ala. 553, 8 So. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832; Barclift v. Treece, 77 Ala. 528; Hart v. Sharpton, 124 Ala. 638, 27 So. 450; Hill v. Nelms, 86 Ala. 442, 5 So. 796. A plea averring that the allegations of the complaint are untrue, even in an action on a written contract, is a plea of the general issue merely, and does not put in issue the execution of the instrument. Blankenship v. Lanier, 212 Ala. 60, 101 So. 763.

BROWN, J. This is an action against the guarantors to recover the balance of an indebtedness due from Perkins, the principal, to the plaintiff at the time the guaranty, the basis of the action, was given. The consideration, in part, for the guaranty, was an extension of the time of payment in the principal contract, by the terms of which the indebtedness was to be paid by Perkins during the life of the principal contract. The contract was entered into on December 1, 1914, and terminated on the 1st of March, 1916. By the terms of the guaranty, the defendants "jointly and severally promise and guarantee the full and complete payment of said sum."

[1] The contract is one of absolute guaranty, and the failure of the principal to pay the debt within the time provided in the principal contract fixed the liability of the guarantors, without regard to the question of the principal's solvency or insolvency, and the plaintiff was under no duty to the guarantors to pursue its remedy against the principal as a prerequisite to its right to recover against the guarantors. Leftkovitz v. First Nat. Bank of Gadsden, 152 Ala. 521, 44 So. 617; Donley v. Camp, 22 Ala. 659, 58 Am. Dec. 274. This view justifies the court's rulings on the demurrers to the complaint. 58 Am. Dec. 274; Baskett Lumber Co. v. Gravlee, 15 Ala. App. 359, 73 So. 291; Scharnagel et al. v. Furst & Thomas, 215 Ala. 528, 112 So. 102.

In Walker v. Forbes, 25 Ala. 139, 60 Am. Dec. 498, much significance was given to the word "ultimate" in the contract, and there the court held that the contract was not an absolute guaranty, but a guaranty to "ultimately" pay on a failure to collect from the principal "after the plaintiffs had used all the means in their power, which were reasonable and proper, to coerce payment out of Cogburn, who was understood to be the party primarily liable." In Rawleigh Med. Co. v. Tarpley, 5 Ala. App. 412, 59 So. 512, the guarantors engaged to pay in case the principal "could not perform." These decisions

and others of like import are not applicable to the contract declared on in the complaint.

[2] The defendants, as appears from the record, had the full benefit of the defense that the contract had been materially altered since its execution under their second plea, and, if it should be conceded that pleas separately interposed and designated as "first," setting up this defense, were not subject to the objections stated in the demurrers, yet the sustaining of the demurrer would be error without injury.

[3] Pleas A and C were in effect the general issue correctly pleaded in pleas F and E, and pleas B and C were not in good form either as the general issue. non est factum, or pleas in confession and avoidance, and the demurrers to these pleas were sustained without error.

[4] Pleas of non est factum are divided into two classes, general and special. In the first class mentioned the defendant denies the execution of the contract sued on in any form by himself or by any one authorized to bind him in the premises. Under pleas of this class, the burden is on the plaintiff to prove the execution of the contract, the subject-matter of the suit, before it can be properly received in evidence. Code of 1923, § 7663; Sulzby v. Palmer, 196 Ala. 645, 70 So. 1.

[5] In the other class the written contract, the foundation of the suit, purporting to be signed by the defendant, may be impeached by such plea averring that the contract has been altered in its material provisions since its execution, without the knowledge, consent, or agency of the defendant, and, under a plea in this form, unless the contract carries on its face some evidence of being tampered with, the burden of proof is on the defendant to show the pleaded alteration. Code of 1923, § 7662; Bouldin v. Barclay, 121 Ala. 427, 25 So. 827.

[6] Under either form it is permissible for the defendant to show material alterations which will avoid the contract. Bouldin v. Barclay, supra; Lamar v. Brown, 56 Ala. 157; Glover v. Robbins, 49 Ala. 219, 20 Am. Rep. 272.

[7] The defendants' plea of non est factum in this case falls within the latter class, and, so far as appears from the bill of exceptions, the contract sued on bore no evidence that it had been altered in any respect, and the special charge given at the request of the plaintiff was free from error.

Under the issues formed by the pleadings and the evidence offered, the only disputed issue of fact was whether or not the amount of the indebtedness alleged to be due from Perkins to the plaintiff at the time of the execution of the contract, was stated in the contract at the time of its execution, or was left in blank and subsequently written into the contract. This issue was clearly defined

and submitted to the jury by the oral charge of the court, and the verdict of the jury is supported by the great weight of the evidence.

[8] While it appears that much testimony taken by deposition, responsive to the interrogatories filed, related to an account for goods purchased subsequent to the time the contract was entered into between Perkins and the plaintiff, not declared on in the complaint, and dealings under former contracts, and was therefore not relevant to the issues, yet it does not appear that objections were filed to the interrogatories until after the trial was entered upon; therefore the court will not be put in error for overruling the objections so interposed. Richmond & Danville R. R. Co. v. Greenwood, 99 Ala. 501, 14 So. 495; Supreme Lodge K. of P. v. Connelly, 185 Ala. 301, 64 So. 362; Mississippi Lumber Co. v. Smith & Co., 152 Ala. 537, 44 So. 475.

In the absence of a plea impeaching the consideration expressed in the contract, the testimony elicited by questions of defendants' counsel to the witness Perkins was not relevant to the issues in the case, and the objections to all such testimony were properly sustained.

We find no reversible errors in the record, and the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.