(129 So. 37)

# HARNISCHFEGER SALES CO. v. BURGE.

## 7 Div. 956.

Supreme Court of Alabama.

June 19, 1930.

White E. Gibson, of Birmingham, for appellant.

**388**

Hugh Reed, of Center, for appellee.

SAYRE, J.

Appellee recovered judgment against the Granson Construction Company and caused an execution for collection thereof to be levied on a gasoline shovel which appellant had sold to the Granson Company under a contract of conditional sale. Appellant interposed its claim as provided by section 10375 of the Code. Appellant's bill, now under consideration, seeks to set aside appellee's judgment by default condemning the machine to the payment of appellee's judgment against the Granson Company. Demurrer to the bill was sustained, after which this appeal.

■ That appellant's bill states a case in which its property is being condemned to the satisfaction of the debt of another will not be denied. But the judgment, so far as appears from its record, was reached in due course of law and must be allowed to stand unless appellant's complaint, to state its effect in very general terms, that it has been prevented from making its defense and deprived of its property by accident, fraud, or mistake, is sustained by its averments of fact.

The rule of law governing such case has been of not infrequent statement by this court. It proceeds upon the theory that the integrity in general of judicial judgments is of too much importance to allow them to be disturbed except on clear proof that complainant had a meritorious defense against the judgment which was procured by fraud of the opposite party, or accident, or mistake, unmixed with negligence on his own part. Collier v. Parish, 147 Ala. 526, 41 So. 772. The rules of equity upon this subject are strict. National Fertilizer Co. v. Hinson, 103 Ala. 536, 15 So. 844, where numerous cases are cited. A more indulgent statement of the rule upon which relief will be granted against judgments is stated in Eaton on Equity as follows: "And, generally, where a party has been prevented from setting up a good defense on the merits, without negligence on his part, and a judgment is rendered against him, equity will enjoin further proceedings to enforce the judgment, or will set aside and order a new trial on the merits." Page 253.

■ In the present case the court, rendering judgment of condemnation against appellant's property, proceeded according to the forms of law. By intervening for the assertion of its rights according to section 10375 of the Code, appellant took the initiative in the institution of a suit. Reasonable diligence required it to be active in the prosecution of its claim. Renfro v. Merryman, 71 Ala. 195.

■■ Appellant's intimations, not to speak of them as sufficient charges, of fraud, may be waived. The question remains whether appellant can properly be acquitted of the charge of negligence in the prosecution of its suit. Appellant interposed its claim August 15, 1928. Judgment of condemnation by default was pronounced January 29, 1929. Appellant knew nothing of the judgment for at least four months. Its bill was filed July 31, 1929. It shows that appellant relied upon a statement made to it, in August, 1928, by an agent of the Granson Company, defendant in the action at law, that it (the Granson Company) had taken an appeal to this court in its case and that "it would probably be a year before it was determined and in the meantime he would keep complainant's [appellant's] agent advised of any necessity for activity on the part of complainant." No argument is needed to sustain the proposition that appellant relied at its peril upon the information —mere opinion in large part—promised but not furnished by the agent of the defendant in the action at law between other parties. Or, if the agent of the Granson Company may for the limited purpose in hand be considered as the agent of complainant in this cause, then, of course, complainant must be held responsible for the neglect of its own agent.

■ Appellant's amended bill relies upon the alleged fact that the case put on foot by its claim was not docketed for the Spring term, 1929, otherwise than as "Willie Burge v. Granson Construction Co.," which was noted on the docket as set for trial on January 29th; that being the day on which was rendered the judgment of which appellant now complains, and in that connection refers in brief to section 9487 of the Code. The averment is that it was "the habit, practice and custom of the clerk of said court to issue, at least twenty days before term begins, a typed or mimeographed docket of the civil cases set for trial, copies of which docket of cases so set are sent to out of county attorneys having cases pending and set for trial on said dates * * * copies of said docket are also posted as a matter of practice, habit and custom in public view in the circuit clerk's office in the court house," and that it had become the custom of attorneys and litigants to rely upon the docket so made and posted; that the docket of the circuit court for Cherokee county was so made and posted, but contained only, so far as concerned the case in which complainant was interested, the notation which we have quoted above. But, for aught alleged, complainant never saw the list nor

made inquiry as to the setting of cases. Complainant knew it had a case pending in court and must be charged with notice of, at least, the terms during which the court would sit for the trial of causes. Complainant should have made inquiry. And our judgment is that, if complainant had inquired, or if, consulting the clerk's list, it had observed that the list, among a total of twenty-one cases set for trial, contained only a notation of "Willie Burge v. Granson Construction Co.," with no specific notation of its claim suit, complainant would thereby have been adequately informed that its case had been set for January 29th, and should thereby have been charged with the duty of caring for its interest. In view of the facts averred in complainant's amended bill, as thus fairly interpreted, the decision of this court in Renfro v. Merryman, supra, has controlling influence. True, as appellant reminds the court, the statute has in some respects been amended since that decision, most importantly by the inclusion of the provision for notice to attorneys of record who reside outside of the county in which the court sits; but it is not made to appear that the situation of the parties called for an observance of this provision of the statute, or, for that matter, that the clerk had at hand the information which would have enabled him to comply with this provision of the statute. The reasonable inference from the facts alleged is that he did not.

We have stated our consideration of the averments necessary to be noticed in this opinion. The rest are nothing more than inconsiderable makeweights which require no special mention.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.