144 So. 108

# UNION INDEMNITY CO. v. GOODMAN.

## 1 Div. 709.

Supreme Court of Alabama.

Oct. 27, 1932.

London, Yancey & Brower and J. K. Jackson, all of Birmingham, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

THOMAS, J.

The appellee sued appellant on an absolute written guaranty that designated notes by Shelburne would be paid at maturity.

Defendant demurred on grounds that said notes had not been duly or properly presented for payment. The court overruled the demurrer because such presentation was not essential to such contract obligation to pay by an absolute guarantor. Appellant declined to plead further; judgment was entered against defendant.

Thereafter motion was made to set aside without any showing of the nature and facts constituting a meritorious defense. The appellant concedes that, upon failure of notice to attorneys for defendant of the setting

of demurrer (as required by statute, section 9487, Code), or of the setting of the case for trial, the judgment rendered would be set aside on motion, if defendant has shown that it had a meritorious defense; if not shown that the defendant had a meritorious defense, that judgment should not be set aside for that such action would only operate as a delay.

This rule has been applied to petitions filed under the four-month statute (section 9521, Code), under which the instant petition is filed; hence the holdings that one is entitled to have judgment of dismissal set aside, if he is prevented from prosecuting or defending a cause by fraud, accident, or mistake, and he is without neglect or fault in the matter (Garvey v. Inglenook Const. Co., 213 Ala. 267, 104 So. 639; Ex parte North, 49 Ala. 385; Ex parte Carroll, 50 Ala. 9; Williams v. Tyler, 14 Ala. App. 611, 71 So. 51; Ex parte Wallace, 60 Ala. 267, and authorities; White v. Ryan & Martin, 31 Ala. 400; Gray v. Handy, 204 Ala. 559, 86 So. 548; Prudential Casualty Co. v. Kerr, 202 Ala. 259, 261, 80 So. 97; Stuart v. Strickland, 203 Ala. 502, 505, 83 So. 600); and that the burden is on one seeking a rehearing to show a good defense, and that injury from the alleged fraud, accident, or mistake has resulted; that is, the burden is upon the petitioner or movant to show a good defense and injury resulting to him (Bean v. Harrison, 213 Ala. 33, 104 So. 244; Dulin v. Johnson, 216 Ala. 393, 113 So. 397; Williams v. Tyler, supra; Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456; Broda v. Greenwald, 66 Ala. 538).

It is apparent that this motion, the ruling thereon, and appeal must be disposed of according to whether the movant has shown by his petition that it had a good, valid, and subsisting defense, of which it was deprived by the failure of the required notice. If it has shown by its petition that it has been deprived of such a defense, then its petition was not demurrable, and the circuit court erred in the ruling sought to be reviewed. On the other hand, if it has not shown that it has a good defense of which it has been deprived, then its petition was demurrable and ought not to have been filed.

The facts stated are that R. B. Shelburne purchased from the plaintiff, as trustee in bankruptcy of W. F. Flowers, a portion of the bankrupt estate, and executed certain promissory notes for the payment of the purchase price; that the defendant for a consideration executed a written guaranty to the plaintiff that the notes would be paid at maturity; and the purchaser defaulted in the payment of the notes, the suit was to recover upon this guaranty and judgment was so rendered.

To fulfill the necessity of making such a showing under the former decisions, the petition alleges: First, that its defense consisted of the fact that the plaintiff, or his predecessors, failed to present said notes, at the maturity thereof, to the maker thereof, or otherwise to notify him of the maturity thereof and call upon him for payment, and that the petitioner is informed and believes, and upon such information and belief states the fact to be, that the failure on the part of the respondent herein, or his predecessors, so to present said notes to the maker thereof at the maturity thereof, or otherwise to notify him of the maturity thereof, is a good, valid, and subsisting defense in said suit of J. G. Goodman, as trustee in bankruptcy of W. F. Flowers, Bankrupt, Plaintiff v. Union Indemnity Company, Defendant; second, the petitioner alleges that it is informed and believes, and upon such information and belief avers, that the maker of said notes, R. B. Shelburne, has a meritorious defense to said notes; and third, that there are mutual set-offs and counterclaims between the said R. B. Shelburne and the respondent therein, or his predecessors, and that it is contended bona fide by the maker of said notes that he is not in any way indebted to the respondent herein, or his predecessors.

The appeal presents the following questions:

Is the presentation and demand for payment of a promissory note a condition precedent to the liability of the guarantor, who for a consideration has guaranteed its payment in writing?

Does a mere statement of conclusion by a guarantor, in a petition filed by him to set aside a judgment which has been rendered against him on account of the default in the payment of a promissory note which he has guaranteed, that he is informed and believes that the maker of the note has a meritorious defense, without informing the court as to the nature of that defense so the court may pass upon its sufficiency, meet the requirements that he should show in his petition that he has a meritorious defense—what that defense was?

Does the statement that there are mutual set-offs and counterclaims between the maker of the note and the payee thereof meet this requirement? It does not allege the assent of Shelburne.

It is settled by our decisions that a guaranty of this kind is absolute and unconditional, and that no presentation to or demand upon the parties thereto is necessary to the enforcement of the guarantor's liability; that is, such a provision guaranteeing the payment of a note is an unconditional absolute guaranty (Donley v. Camp, 22 Ala. 659, 58 Am. Dec. 274; Townsend & Milliken v. Cowles, 31 Ala. 428; Rigby v. Norwood, 34 Ala. 129), and, being unconditional and absolute, no notice is essential to perfect the lia-

bility of the guarantor (Donley v. Camp, supra; Ehl v. J. R. Watkins Medical Co., 216 Ala. 69, 112 So. 426; Leftkovitz v. First National Bank of Gadsden, 152 Ala. 521, 44 So. 613; Fay v. Hall, 25 Ala. 704; Lawson v. Townes, Oliver & Co., 2 Ala. 373; W. T. Rawleigh Medical Co. v. Walker, 16 Ala. App. 232, 77 So. 70).

These two propositions are illustrated in Donley v. Camp, supra, where the note in question contained the words: "I assign and guaranty the within note to J. C. for value received." Of this undertaking this court held that it constituted an absolute unconditional guaranty, and that at maturity no notice whatever was essential in order to perfect the guarantor's liability thereon. In rendering this opinion, Mr. Justice Goldthwaite said: "This note was a specific existing demand; and it was, we think, the obvious intention of the party to transfer it, and to guaranty the performance of the contract which he thus transferred. The performance of the contract was the payment of the note, according to its terms; and if this payment was not made on the day on which the note became due, the maker did not do what the guarantor had stipulated he should do; and the guarantor then became liable upon his contract, unless something else was necessary to be done to perfect his liability."

The import of the foregoing decision is that on default of the note the guarantor becomes ipso facto liable without the performance of any further act and without the necessity of notice, presentment, or demand, or other effort to collect from the maker. Thus the question as to the place of presentment is immaterial, and it was likewise immaterial whether the note was presented at the bank where payable or at another or a different bank. In Ehl v. J. R. Watkins Medical Co., 216 Ala. 69 (1), 112 So. 426, this court held: "Contract that promisors 'jointly and severally promise and guarantee the full and complete payment of said sum' was one of 'absolute guaranty,' under which guarantors' liability was fixed by principal's failure to pay debt within time provided in principal contract, without regard to principal's solvency, and creditor was not bound to pursue remedy against principal as prerequisite to recovery against guarantors."

If the place of presentment is material, the mere fact that the note was made payable at a specified place did not necessitate a demand for payment at that place of such absolute guarantor. In Sims v. National Commercial Bank, 73 Ala. 248 (2), it was held: "Where a note, given for unpaid purchase-money due on a tract of land, is made payable at a bank, presentation of the note at the bank for payment is not necessary to fix the liability of the maker; and if he is there in readiness to pay the note at maturity, or had funds deposited there for that purpose, and he suffered loss by

the failure of the holder to present the note, this, on a bill filed to enforce the vendor's lien, would be matter of defense, and need not be anticipated by negative averments in the bill."

The instant note was not an accommodation paper. Connerly & Co. v. Planters' & Merchants' Insurance Co., 66 Ala. 432.

And in Brockway v. Gadsden Mineral Land Co., 102 Ala. 620, 623, 15 So. 431, 432, the general rule is thus stated: "Where a note is made payable at a particular place, it is unnecessary, in order to fix the liability of the maker, to present it at the place of payment, and in a suit on the note to aver such presentation. Sims v. National Com'l Bank, 73 Ala. 248; Connerly v. Planters' Ins. Co., 66 Ala. 432, 433; Clark v. Moses, 50 Ala. 326; Montgomery v. Elliott, 6 Ala. 701."

Since there is no question regarding the first defense set up as valid, even if all the facts alleged were admitted to be true, it is apparent that such a defense must, and is therefore insufficient to, support the petition to set aside a judgment.

The further effort to state a defense is made upon information and belief, that R. B. Shelburne had some defense. This, without more, would be the mere conclusion of the pleader. The petition in this respect somewhat resembles that employed in Ex parte North, 49 Ala. 385, which, instead of setting up facts from which the court could ascertain whether such averred facts which the defendant believed, if true, would present a defense, asked the court to rely, not only on the defendant's belief being true, but upon its opinion as to the legal effect of such facts being correct, neither of which the court could do. The facts should have been declared and disclosed to the court for its conclusion and judgment thereon.

It is also alleged upon information that there are mutual set-offs and counterclaims between Shelburne and plaintiff, and that "it is contended bona fide by the maker of said notes that he is not in any way indebted to the respondent herein, or to his predecessor." This is nothing more than a mere expression of the petitioner's belief or conclusion as to the law or effect thereof under the law, as against the maker. However, if the original maker had a valid set-off, it would not be available at law to the defendant absolute guarantor as against its guaranty of payment.

Section 10176 of the Code authorizes a comaker or surety sued jointly or alone to plead such set-off (Fidelity & Deposit Co. of Maryland v. Walker, 158 Ala. 129, 142, 48 So. 600; Bowen v. Snell, 9 Ala. 481; Beard v. Union & American Publishing Co., 71 Ala. 60) with the consent of the comaker or principal; but it does not authorize the surety, when sued alone (as in the instant case), to do so without the consent of the maker, which is not here al-

leged. In Scholze v. Steiner, 100 Ala. 148, 151, 14 So. 552, 553, Mr. Chief Justice Stone observed of this: "Ordinarily, a surety, when sued upon his obligation, cannot avail himself of an·independent cause of action existing against the plaintiff in favor of his principal as a defense or counterclaim. It is for the principal to determine what use he will make of such cause of action, and the surety cannot control his discretion. Lasher v. Williamson, 55 N. Y. 619; Morgan v. Smith, 7 Hun [N. Y.] 244."

The purchasers of property were not allowed to be defeated under the statute in question by such set-off in McCreary v. Jones, 96 Ala. 592, 595, 11 So. 600. That statute was held inapplicable to such absolute guaranty of payment of purchase price.

It is manifest that this petition alleges neither a valid defense nor a valid set-off, and, indeed, although the time for pleading had long since expired, no such set-off by consent was averred or pleaded.

The case of Graves v. Ætna Ins. Co. of Hartford, Conn., 215 Ala. 250, 110 So. 390, was not of such absolute guaranty as here, but that of mere suretyship, and the principal and codefendant, Graves, was making the defense of set-off in his own behalf and that of his surety.

It will be noted that section 3731 of the Code of 1896 contained the words: "A co-maker * * * sued alone may, with the consent of his co-maker or principal, avail himself, by way of set-off," of a debt due by plaintiff to the comaker; and in the Codes of 1907 and 1923 the words "jointly or alone" are employed and the same consent required of the comaker. Section 5862, Code of 1907; section 10176, Code of 1923.

In respect to the averments of set-off, the meritorious defense would have been sufficiently disclosed by the petition, had the consent of the comaker for such set-off been disclosed by pleading or by the petition. Ex parte Dayton Rubber Mfg. Co. (Dayton Rubber Mfg. Co. v. McCormack), 219 Ala. 482, 122 So. 643. Such consent has not been duly disclosed, and this suit was against only the guarantor and not against the maker, Shelburne.

After what has been said of the statute, section 9487 of the Code, not being applicable to the facts (Shirley v. McDonald, 220 Ala. 52, 124 So. 104; Harnischfeger Sales Co. v. Burge, 221 Ala. 387, 129 So. 37), under our decisions a good and meritorious defense must be averred and shown before the trial court would be authorized to set aside the judgment, though there was nonobservance of notice required by the last clause of the statute in question. The trial court is not required to do the futile act of setting aside the judgment when there is no good and meritorious defense that would effect a different result on another trial.

The judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.