36 So.2d 229

**FAUST v. FAUST et al.**

**4 Div. 484.**

Supreme Court of Alabama.

June 3, 1948.

Rehearing Denied June 30, 1948.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

See also 248 Ala. 660, 29 So.2d 133; Id., ante, p. 35, 36 So.2d 232.

Douglas Brown, of Ozark, and J. C. Fleming, of Elba, for appellant.

Chas. O. Stokes, of Ozark, for appellees.

FOSTER, Justice.

This is an appeal from the final decree of the circuit court, in equity, confirming the register's report on the correctness of the accounts and vouchers of the administrators of the estate of W. M. Faust, Sr., for final settlement, and ordering a distribution of said estate.

One of the distributees prosecutes this appeal. The decree was rendered July 5, 1947.

The register's report was filed June 28, 1947. There were no exceptions filed. On August 2, 1947, this appellant filed a motion to set aside the decree. The court set it down for hearing August 25, 1947, and notice of the order was served on appellant August 11, 1947. Nothing further appears in the record as to such motion, extending to January 5, 1948, when this appeal was taken from the decree of July 5, 1947. This was the last day on which the appeal could be taken since there was no ruling on the motion. Section 788, Title 7, Code 1940; Equity Rule 62, Code 1940, Tit. 7 Appendix; Williams v. Knight, 233 Ala. 42, 169 So. 871.

The motion undertook to set up excuses for not excepting to the register's report, alleging that no notice of the report was given him as required by Equity Rule 85, and also set up certain matters appropriate for exception to that report. No reason appears why appellant did not make proof of such matters on the day it was set for hearing, of which he had ample notice. On the other hand, a certificate of the register appears in the record showing that the requirements of Equity Rule 85 were complied with.

The only assignments of error which are specific either seek to present questions which are only available on an exception to the register's report, or to give a reason for not excepting. This could, after the final decree, be made available only by a motion for a rehearing under Rule 62, supra. While such motion was made, it was not acted on, and therefore it served to accomplish nothing.

On his general assignment of error as to the decree of July 5, 1947, the brief of appellant makes no contention except those especially assigned, to which we have referred. A litigant by his attorney must keep up with the progress of his case in court, and he is not due to have notice, except as prescribed by law. Renfro v. Merryman, 71 Ala. 195; Harnischfeger Sales Co. v. Burge, 221 Ala. 387, 389, 129 So. 37. While notice of the register's report is required by Rule 85, supra, it appears that it was given, and there is no evidence to the contrary; and the final decree of the court confirming the report declares that such notice was given.

There is no assignment of error in this record on which a reversal can be predicated.

Appellant has filed a motion in this cause, which was submitted along with the submission on the merits, referring to a cause heretofore finally acted on in this Court [1] wherein these appellees as administrators of the estate of W. M. Faust, Sr., sued this appellant in equity for a partnership settlement between him and decedent, resulting in a decree in their favor against ap-

pellant for $4500.00, affirmed in this Court January 16, 1947 (application for rehearing was overruled February 20, 1947), alleging that payment has been made of the amount of said judgment, and that it is a part of the assets of the estate in the hands of the administrators to be distributed under the final decree in this proceeding. That appellant on October 8, 1947, filed a bill of review of that decree, so affirmed by this Court, on the ground of newly discovered evidence, consisting of the books of account of said partnership, which will materially affect the status of the partnership in the interest of appellant. It is also alleged that with the filing of the bill of review, appellant filed a motion under Rule 66, Equity Practice, seeking an order to suspend the proceedings in the settlement by the administrators until the bill of review was heard and determined. But said motion is shown not to be in the file, and was not acted on by the trial judge. Wherefore he now moves this Court for an order suspending the rendition of a decree on this appeal, or ordering that the amount of said judgment paid by appellant be retained by the administrators until the bill of review is heard.

The motion is based on that feature of Rule 66, Equity Practice, which provides that on a bill of review the circuit judge may direct the proceedings on the decree sought to be reviewed suspended until a decree is rendered on such bill of review. But he has never called upon the circuit judge for such an order. His excuse for not doing so is his statement that the register says his motion for such an order is not a part of the file in the cause. Certainly, that is no excuse in the first place. But that decree sought to be reviewed has been satisfied and discharged and the amount paid to the administrators, and was taken into account in ordering final settlement. So that the order he is seeking in this Court is not what is provided for in Rule 66, supra. But regardless of Rule 66, it is thought by appellant that we ought to do something about it for him, so that if he succeeds he may have the fruits of his success.

We are passing on the record before us, and whether there is error in it properly assigned and argued sufficient to effect a reversal. It would not be appropriate for us to shape our judgment of affirmance so as to aid appellant in respect to such collateral litigation.

Moreover, it was stated at the bar that the bill of review, mentioned in the motion made on this appeal, was dismissed for want of prosecution, and another one immediately filed. That fact does not formally appear, but a copy of what purports to be such a new bill sworn to April 14, 1948, is attached to one of appellant's briefs. Counsel do not discuss the effect of a dismissal as provided in Equity Rule 75. All of which magnifies the propriety of denying the motion of appellant.

The motion under such circumstances does not call for favorable action by this Court. It is therefore denied.

Motion denied: judgment affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.