153 So.2d 648

**UNITED SECURITY LIFE INSURANCE COMPANY et al.**

v.

**Lora Mae WILKES.**

**4 Div. 113.**

Supreme Court of Alabama.

May 9, 1963.

S. P. Keith, Jr., Birmingham, for appellants.

Donald F. Colquett, Opp, for appellee.

LAWSON, Justice.

By this amended bill the appellants, complainants below, seek to vacate and to enjoin the enforcement of a judgment recovered against them by the appellee in a court of law. The trial court held the amended bill insufficient and dismissed it after the complainants failed to amend within the time prescribed. Hence this appeal.

The judgment recovered in the law court was by default and the theory upon which the complainants seek relief in a court of equity is that such judgment was recovered as a result of fraud, accident or mistake unmixed with negligence on the part of the complainants.

A court of equity has jurisdiction to set aside and to enjoin the enforcement of a judgment at law procured through fraud, accident or mistake, when the moving party has a meritorious defense to the action, and is without negligence in permitting the rendition of the judgment. Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816, and cases cited.

A complainant who seeks to vacate a judgment at law on such grounds must not only allege that he has a meritorious defense, but must specifically aver facts showing of what that defense consists. Fletcher v. First Nat. Bank of Opelika, 244 Ala. 98, 11 So.2d 854; Murphree v. International Shoe Co., 246 Ala. 384, 20 So.2d 782; Union Indemnity Co. v. Goodman, 225 Ala. 499, 144 So. 108.

General conclusions of the pleader that he has a meritorious defense to the suit at law are not sufficient. De Soto Coal, Mining & Development Co. v. Hill, 188 Ala. 667, 65 So. 988; Hendley v. Chabert, 189 Ala. 258, 65 So. 993.

The allegations as to the complainants' defense to the suit at law are contained in Paragraphs 21 and 22 of the amended bill. Those paragraphs, in pertinent parts, read:

"21. Complainants aver that they had a bona fide and meritorious defense to this action and aver that the policy under which respondent sued was effective as of January 15, 1958, and had a provision covering only payment of [sic] illness when the illness originated more than fifteen days after the effective date of the policy, which was January 15, 1958, and that the re-

spondent went into the hospital on, to wit: February 1, 1958, and was, therefore, not covered under the provisions of said policy.

"22. Complainants further aver that if they were liable under the terms of the policy, the total liability would only be $237.00 and a judgment was rendered for $305.35. * * *"

 Those averments are not sufficient to show a meritorious defense to the suit at law. The averments of fact contained in Paragraph 21 do not show that the insured became ill within fifteen days from the effective date of the policy sued upon. On the contrary, when construed most strongly against the pleader, they are to the effect that the insured's illness did not originate until after the expiration of fifteen days from the effective date of the policy when she went to the hospital on February 1, 1958. The other averments of Paragraph 21 and those of Paragraph 22 are but conclusions of the pleader and under the authorities cited above are not sufficient.

There is yet another reason why the demurrer was properly sustained to the amended bill here under consideration. This court has declared that bills in equity to enjoin or cancel judgments at law because of mistake, accident or fraud are bills in the nature of bills of review. Hatton v. Moseley, 229 Ala. 240, 156 So. 546.

A bill in the nature of a bill of review which does not state the decree or judgment sought to be vacated and the proceedings which led to it is without equity. Graves v. Brittingham, 209 Ala. 147, 95 So. 542. The amended bill here treated does not set out the default judgment nor the final judgment sought to be vacated, nor are they made exhibits to the bill. One of the exhibits shows that which purports to be a copy of the bench notes, but a bench note is not a judgment. See Wilbanks v. Mitchell, 239 Ala. 167, 194 So. 513; J. R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472; Bertrand v. Taylor, 250 Ala. 15, 32 So.2d 885.

For the reasons indicated, the decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, and COLEMAN, JJ., concur.